STEPHENSON, Respondent, vs. DUNCAN, Appellant.

*January 14 — January 29, 1889.*

*Master and servant: Dangerous employment: Assumption of risk: Promise by master to remove danger: Continuance in service after reasonable time for performance.*

1. The risk from an uncovered saw projecting over its frame and partly across a narrow passage-way along which a servant in a mill is obliged to go in the performance of his duties, being apparent, is assumed by the servant in accepting and remaining in the service.

2. A servant having the right to abandon the service because it is dangerous may refrain for a reasonable time from so doing in consequence of assurances by the master that the danger shall be removed, and will not be held to have thereby assumed the risk. But if he continues in the service for a time longer than it is reasonable to allow for the performance of the master's promise he will be deemed to have waived his objection and assumed the risk.

APPEAL from the Circuit Court for *Taylor* County.

Action to recover damages for personal injuries alleged to have resulted from the defendant's negligence in not providing a proper and safe covering for a saw in his shingle-mill, in which the plaintiff was employed, and in not providing a safe and proper passage-way by such saw, and in allowing the saw to project over its frame and partly over the passage-way along which the plaintiff was obliged to pass in the performance of his duties. Other allegations of the complaint will sufficiently appear from the opinion. The defendant appeals from an order overruling a general demurrer to the complaint.

The cause was submitted for the appellant on the brief of *Cate, Jones & Sanborn,* and for the respondent on that of *Schweppe & Foster.*

To the point that the promise of a master to remedy a defect of which he has been notified by a workman is binding upon him, and that if he fails to remedy it he is liable

for damages caused thereby after the expiration of the time within which it could have been remedied, counsel for respondent cited Shearm. & Redf. on Neg. 126, and note; *Parody v. C., M. & St. P. R. Co.* 15 Fed. Rep. 205; *Laning v. N. Y. C. R. Co.* 49 N. Y. 521; *Steen v. St. P. & D. R. Co.* 37 Minn. 310; *Greene v. M. & St. L. R. Co.* 31 id. 248.

COLE, C. J.    When the plaintiff entered upon his employment of operating the machinery and shingle-mill owned by the defendant, the unsafe condition of such shingle-mill, the fact that the saw was not covered, and that it projected over its frame partly across the narrow passage-way along which he was obliged to go in tightening and loosening the belt, were all matters presumably within his knowledge. The condition of the passage-way and the relation of the saw to it, if unsafe and dangerous, would be seen and comprehended by a person of common intelligence, and the plaintiff assumed the risk incident to the service when he undertook the employment.    Under such circumstances, the plaintiff could not maintain the action for the injury he sustained because the defendant failed to provide safe machinery and did not cover the saw with a substantial covering nor provide a safe passage-way in place of the defective one; for, as we have said, he must be held to have assumed the risk by accepting and remaining in the service with knowledge of the existing defects in the machinery. The rule of law upon this subject has been laid down by this court in the following language: " It is well settled that the master may conduct his business in his own way, although another method might be less hazardous; and the servant takes the risk of the more hazardous method as well, if he knows the danger attending the business in the manner in which it is conducted.    Hence, if a servant, knowing the hazards of his employment as the business is

conducted, is injured while employed in such business, he cannot maintain an action against the master for such injury merely because he may be able to show that there was a safer mode in which the business might have been conducted, and that had it been conducted in that mode he would not have been injured." *Naylor v. C. & N. W. R. Co.* 53 Wis. 661; *Hobbs v. Stauer*, 62 Wis. 108. These decisions are all we deem it necessary to cite in reply to the argument that, as between master and servant, it is the duty of the former to provide suitable means and appliances to enable the servant to do his work as safely as the hazards incident to the employment will permit. This is undoubtedly the general rule, but it cannot apply here, for the reason that the plaintiff must be deemed to have entered upon the employment with full knowledge of the existing defects; therefore he assumed the risk. The fact that the saw was not covered, that the passage-way was narrow and dangerous, would be seen at a glance.

But probably the liability of the defendant was not intended to be rested upon the ground that the machinery used was not originally in a safe condition, for it is further alleged in the complaint that about ten days prior to the accident the plaintiff informed the defendant of the defective and dangerous condition of the shingle-mill, saw, and passage-way, and requested the defendant to repair the same, and to provide a suitable and safe passage-way, and to cover the saw, notifying the defendant, at the same time, that he would not remain and work the shingle-mill unless the same were put in a safe condition at once; that the defendant then promised and agreed to repair the mill, cover the saw, and put the passage-way in a safe condition, and by these promises induced the plaintiff to remain in his employment about the shingle-mill until he was hurt. If the complaint had stopped here, it might be held to state a cause of action, for it would then state a cause of action

within the rule laid down and approved by courts of the highest authority, which hold that where the servant, having the right to abandon the service because it is dangerous, refrains from doing so in consequence of assurances by the master that the danger shall be removed, such assurances remove all ground for holding that the servant by continuing in the employment engages to assume the risk. This doctrine is laid down in *Hough v. Railway Co.* 100 U. S. 213, in a very elaborate and learned opinion by Mr. Justice HARLAN, where the law is fully discussed, and many authorities cited. The doctrine certainly rests upon rational grounds, and is amply supported by writers upon the law of negligence, as a reference to the above opinion will show. It follows that it was the clear duty of the defendant to remove the danger or repair the defect in the passage-way, and negligence will not be imputed to the plaintiff if he continued his employment for a reasonable time to allow the defendant to remove the defects.

The real question in each case is whether the master, under all the circumstances, had a right to believe and did believe that the servant waived his objection to the defect in the materials provided for the work, and assumed the risk, exempting the master from liability. "This is a question of fact, not of law; and it must be left to the jury, at least if not entirely free from doubt. There can be no doubt that, where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby within such a period of time after the promise as would be reasonably allowed for its performance, and, as we think, for an injury suffered within any period which would not preclude all reasonable expectation that the promise might be kept." 1 Shearm. & Redf. on Neg. (4th ed.), § 215. It appears that the plaintiff remained in his employment after the defendant promised to make the saw and passage-way safe, and was then injured by slipping and

falling upon the saw while going through the passage-way to tighten the belt. As a matter of law, we could not say this period was so long that it precluded all reasonable expectation that the defendant would make good his promise. The defendant would have a reasonable time to remove the defects, and the plaintiff should not be held to waive his objections to the machinery or assume any risk in respect to it while relying upon the defendant's promise to make it safe. But if the plaintiff did continue his employment for an unreasonable time after the defendant could have removed the defects, he would then be deemed to have waived his objections and assumed the risk of operating the machinery in the unsafe and dangerous condition in which it was. The difficulty with the complaint is that it is alleged that *the plaintiff* — obviously meaning the defendant — had ample time and opportunity, and was abundantly able, to repair and put in a safe condition the machinery and apparatus between the time the plaintiff informed him of its defects, and the time when the plaintiff was injured, but neglected and failed to do so, as was his duty, for the protection of the plaintiff. This allegation fairly implies that the plaintiff continued his employment beyond the period of time within which he might reasonably expect the defendant would keep his promise and put the machinery in proper condition. We must therefore hold the complaint defective, because it does not allege or show that the plaintiff was injured within such a time after the defendant's promise as it would be reasonable to allow for its performance under the circumstances; for if the plaintiff continued in the employment longer than there were reasonable grounds for expecting the defendant would remove the defects, and was then injured, he would assume the risk of the dangerous condition of the machinery as when he entered upon the service.

We hold the complaint fatally defective because it does

not appear that the plaintiff was injured while he had a reasonable expectation that the defendant would keep his promise. The demurrer to the complaint should have been sustained for this reason.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

See note to this case in 41 N. W. Rep. 337. — REP.

