WILLIAMS, Appellant, vs. KIMBERLY & CLARK COMPANY, Respondent.

*March 20—April 9, 1907.*

*Master and servant: Injury from incompetence of fellow-servant: Pleading: Assumption of risk: Reliance on promise to remove: Reasonable time.*

1. In an action for personal injury alleged to have been caused by incompetence of a common laborer, plaintiff's fellow-servant, a complaint showing that plaintiff had continued in defendant's service, exposed to the known risk from such incompetence, for ten days after defendant had promised to replace the laborer by a competent person, does not necessarily show that such time was so unreasonably long for the substitution of another laborer that plaintiff must be deemed to have assumed the risk. Facts to show that the time was not unreasonable might be given in evidence, though not pleaded.

2. An allegation that defendant negligently continued the laborer in the service after the promise to remove him should not be construed as showing that the ten days was an unreasonable time, since a master's failure to remove an incompetent employee at once is negligence in the sense, at least, of being conduct subjecting him to liability to other employees.

3. The rule justifying an employee in temporary exposure to known risk upon the employer's promise to remove the danger applies to risks arising from the incompetence of fellow-servants as well as to those from dangerous machinery; and no distinction is made between fellow-servants using complicated and dangerous machinery and those using simple tools and implements or none at all.

[4. Whether a promise to repair is any less effective to relieve a workman from assumption of risk from a simple tool than in case of complicated ones, not decided.]

5. Facts alleged in the complaint in this case as to the incompetence of plaintiff's fellow-servant and his negligence in throwing blocks of wood into a rack from which plaintiff took them to put them into a barking machine, are *held* not to show that the risk of being struck and injured by blocks so thrown was so obvious, imminent, momentary, constant, and unavoidable that no reasonably prudent person would expose himself to it even temporarily; and on demurrer, therefore, the case cannot be held to be within the exception to the rule justifying plaintiff in remaining at work for a reasonable time in reliance upon the employer's promise to remove the incompetent fellow-servant.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

The appeal is from an order sustaining demurrer to a complaint setting forth a cause of action for personal injuries to the plaintiff, an employee of the defendant, resulting from the incompetence and negligence of a fellow-servant. The complaint sets forth that the plaintiff was engaged in putting blocks of wood into a barking machine, which process engrossed his attention closely; that it was the duty of another employee, known as a block piler, to cast the blocks of wood into a rack placed near the barking machine so as to be convenient to plaintiff's hand; that the block piler at the time in question was one Van Haund, a Hollander, who is alleged to have been incompetent by reason of being careless and reckless in not taking sufficient time to place the blocks in the rack, but, on the contrary, was accustomed to throw them carelessly upon and into said rack so that they frequently came over the same, endangering the plaintiff while engaged in his work. It is specifically alleged that the barking machine engrossed plaintiff's attention so that he could not perform his work and watch the block piler at the same time or know that there was danger of being struck by a negligently

thrown block so as to avoid the same. Also, that Van Haund understood no English and the plaintiff no Dutch, so that he could not expostulate with or give directions to the piler. It is further alleged that the defendant, well knowing the igno-rance and incompetence of the block piler, continued him in his employ until, on the 3d day of February, by his negli-gence of the kind described, a block of wood was thrown over and against the plaintiff when engaged in his work and he re-ceived serious injury. It is further alleged that prior to the time of injury plaintiff had repeatedly protested to the mas-ter against the incompetence of this block piler, explaining the characteristics of such incompetence and the character of the peril therefrom, and that, especially about ten days prior to the injury, he had "entreated" that the block piler be dis-charged and a competent one employed; that thereupon the defendant, by its foreman, agreed that it would discharge the block piler and would employ a competent person to act, whereupon plaintiff, relying upon such promises and believ-ing they would be fulfilled and a competent person employed, remained in his employment until the day of the injury. Other averments generally necessary to the cause of action are not involved in the discussion and need not be stated. The defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by order July 21, 1906, from which plaintiff appeals.

For the appellant the cause was submitted on the brief of *Classon & Frank.*

For the respondent there was a brief by *Vilas, Vilas & Freeman,* and oral argument by *C. A. Vilas.*

DODGE, J. 1. The first ground of attack upon the com-plaint is predicated upon the contention that on its face it shows that the plaintiff continued his exposure to the known risk from his fellow-servant's incompetence and negligence.

for more than the time reasonably necessary to enable the master to perform its promise to substitute a competent and careful workman. The law on this subject is in no wise in dispute. The employee is relieved from his ordinary assumption of the risks of his fellow-servant's negligence upon the master's promise to remove that danger only for a time reasonably required to perform that promise. *Heathcock v. Milwaukee-Platteville L. & Z. M. Co.* 128 Wis. 46, 107 N. W. 463; *Coolidge v. Hallauer,* 126 Wis. 244, 105 N. W. 568; *Erdman v. Ill. S. Co.* 95 Wis. 6, 69 N. W. 993; *Ferriss v. Berlin M. Works,* 90 Wis. 541, 63 N. W. 234; *Stephenson v. Duncan,* 73 Wis. 404, 41 N. W. 337. When such reasonable time has expired the master's promise is broken to the knowledge of the employee, and he can no longer be considered as relying thereon. What such reasonable time may be will, of course, vary very much with the circumstances. An engineer or a head sawyer in a sawmill, remote from settlement, might be much more difficult to replace with a competent substitute than a mere common laborer in a vicinity where laborers were numerous; or the defect in a machine might be of such character as to necessitate sending for new parts to a remote place of manufacture. Hence, ordinarily, the question is one for the jury. Nevertheless, the situation presented may be so clear that reasonable minds could not differ with reference to the inference from all the circumstances, and in such case it may well be the duty of the court, with all the facts before it, to hold as matter of law that the reasonable time has been exceeded. This we did in the recent case of *Heathcock v. Milwaukee-Platteville L. & Z. M. Co., supra,* where it was held that seven days, under the circumstances there presented, transgressed the reasonable time necessary to guard the mouth of a mine by a railing. Upon the authority of that case there could be little doubt that ten days exceeded the time required either to procure a common laborer in the place of the one whose incompetence was complained of or to substitute some

other common laborer already in defendant's employ, in the absence of very clear showing of serious obstacles to so doing. But it is not at all essential to good pleading that the evidence of such excuse, if any there be, should be pleaded, hence the failure of such facts to appear in the complaint does not necessarily negative their existence; and, while we confess that it is difficult to conceive of any circumstances which could protract for so long a period the time requisite, we are not prepared to say that none could exist, and therefore must hold that the mere allegations of the complaint, construed of course with broad liberality in favor of the cause of action, do not necessarily show that the ten days' period in question was unreasonable.

Our attention is urged to *Stephenson v. Duncan,* 73 Wis. 404, 41 N. W. 337, where it was held that the complaint itself showed a similar period of ten days to be unreasonable for protecting a dangerous saw. That case, however, turned upon an express allegation of the complaint that, before the injury and after the promise to repair, the defendant had ample time and opportunity to make the repair but neglected to do so. Indeed, the court expressly said that but for such allegation it could not be said, as matter of law, that ten days was so unreasonable a period as to exclude expectation that the defendant would make good his promise to repair. In the complaint before us we find no such allegation, except, perhaps, that the defendant negligently continued the block piler in its employ after said promise to remove him. We cannot say that this allegation must be construed as denying plaintiff's cause of action. It must be remembered that the master owes the duty of immediate removal of an incompetent employee whenever he acquires knowledge of such incompetence; hence he is guilty of negligence in failing so to remove, in the sense at least of conduct subjecting him to liability to other employees. *Kamp v. Coxe Bros. & Co.* 122 Wis. 206, 219, 99 N. W. 366.

2. Certain other radical grounds of attack upon the complaint are presented, though not with perfect clarity as to either the principle contended for or their application to the situation. One of these positions taken by the trial court, and apparently still sought to be sustained by respondent, is thus stated by the trial court:

"That the rule where the danger is known and appreciated by the servant, and he remains in the employment upon the promise of the master to remedy, he does not assume the risk, applies only in cases of dangerous machinery where the master is presumed to have a better knowledge of the danger than the servant. In other words, that it has no application to ordinary labor which requires only the use of implements with which the servant is as familiar as the master. This seems to be a tolerably well-settled rule according to the authorities."

If by this is meant that the rule justifying an employee in temporary exposure to known risk upon employer's promise to remove the danger has no application except to risks from dangerous machinery, it is directly antagonized by several of our own decisions, holding that it does apply to risks arising from incompetence of fellow-servants which, but for such promise, the employee would be held to assume. *Maitland v. Gilbert P. Co.* 97 Wis. 476, 485, 72 N. W. 1124; *Curran v. A. H. Stange Co.* 98 Wis. 598, 606, 74 N. W. 377; *Kamp v. Coxe Bros. & Co.* 122 Wis. 206, 99 N. W. 366. True, there is an expression of doubt whether it applies to a defective place of work, such as a caving ditch, in *Showalter v. Fairbanks, M. & Co.* 88 Wis. 376, 382, 60 N. W. 257, but no attempt at decision to that effect was there made. That doubt would seem to have been resolved in favor of the application of the rule in *Yerkes v. N. P. R. Co.* 112 Wis. 184, 88 N. W. 33, where it was applied to a place of work rendered unsafe by a slanting footboard, and in *Heathcock v. Milwaukee-Platteville L. & Z. M. Co.* 128 Wis. 46, 107 N. W. 463, where the danger arose from an unguarded excavation in proximity to plaintiff's place of work. The argument against the liability of a

master pending a promise to repair or remove the danger that the peril is open and obvious and as well known to the servant as the master indicates complete oversight of the real principle involved. Such fact indeed leads in some cases to a presumption that the servant assumes the risk in absence of protest, but the very principle at the foundation of the rule now under consideration is that the servant rebuts that presumption by a protest and reliance on the master's promise to remove the peril; which assumes, to start with, that the danger is open and obvious, at least to the servant, or he would have no reason to protest. To hold that a rule which in its very nature can have no application unless the danger is obvious does not apply where it is obvious, is a contradiction in terms, and the negation of the existence of any such rule. The true principle is that a servant may, and in law is presumed to, assume a risk of which he has knowledge, but that he avoids such assumption if he protests and is induced by the master's promise to remove the danger to incur that risk for a time reasonably requisite for its removal. It is not at all bottomed upon any assumed superiority of knowledge in the master, as is the general duty to furnish reasonably safe tools and appliances (*Stork v. Chas. Stolper C. Co.* 127 Wis. 318, 322, 106 N. W. 841), but upon the right of the employee to refuse to assume the risk of a peril which he knows as well, or even better, than his employer. Obviously there is no distinction in reason because the danger results from the incompetence of a fellow-servant using complicated and dangerous machinery instead of simple tools and implements, or none at all. The peril from negligence in swinging a sledge or a pick is as much, and no more, assumed than if he were running a saw or an engine. The co-employee has as much right to refuse to submit to the one peril as to the other, and may as well be induced to continue by promise of speedy removal of the incompetent fellow-servant. Indeed, the simplicity of the operation would seem to enhance the probability that he might

do so consistently with reasonable care. Thorough search discloses no authority for any distinction between such cases. The respondent's citations all refer to promised repair of tools, appliances, or place of labor and not to removal of incompetent fellow-servants. Whether a promise to repair is any less effective to relieve a workman from assumption of risk from a simple tool than in case of complicated ones has not been decided in Wisconsin and need not be now, for the question is not presented. We are convinced that no distinction in that respect exists between different incompetent fellow-servants by reason of the relative simplicity or complexity of the work in which they are engaged.

There is of course an exception to the rule we have been discussing where the peril of injury is so obvious, imminent, momentary, and constant, and so unavoidable by any precaution, that no reasonably prudent person would expose himself to it even temporarily. *Erdman v. Ill. S. Co.* 95 Wis. 6, 13, 69 N. W. 993; *Maitland v. Gilbert P. Co.* 97 Wis. 476, 72 N. W. 1124; *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377; *Jensen v. Hudson S. Co.* 98 Wis. 73, 81, 73 N. W. 434; *Yerkes v. N. P. R. Co.* 112 Wis. 184, 192, 88 N. W. 33; *Coolidge v. Hallauer,* 126 Wis. 244, 249, 105 N. W. 568. This is really the point decided in several of the foreign cases cited by counsel which dwell upon the open and obvious character of the peril. It is hardly contended that the facts stated in the complaint bring plaintiff within this exception as matter of law. We are clear that under this complaint facts may appear fairly supporting an inference that an ordinarily prudent person might reasonably believe that, temporarily, he could, by special watchfulness and caution, escape injury from the negligence of his fellow-servant in piling blocks in the adjoining rack. Indeed, the fact that the plaintiff did escape for so long a period as ten days is not without weight on that subject. *Mailland v. Gilbert P. Co., supra; Yerkes v. N. P. R. Co., supra.*

Our conclusion is that the direct allegations of the defendant's negligence and plaintiff's freedom from contributory negligence are not so conclusively refuted by other facts appearing in the complaint that proof admissible thereunder might not sustain a cause of action.

*By the Court.*—Order sustaining demurrer is reversed, and cause remanded for further proceedings.

CASSODAY, C. J., took no part.