CARL F. KISTNER, Appellee, vs. THE AMERICAN STEEL FOUNDRIES, Appellant.

*Opinion filed February 20, 1908.*

MASTER AND SERVANT—*when rule that a promise to repair suspends assumption of risk does not apply.* An employee of mature years who, when doing work he cannot reach from the ground, stands upon a board, one end of which is rested upon a support some eighteen inches from the ground, assumes the risk of injury due to the slipping of the board, and his assumption of such risk is not suspended by a promise of the master, upon the servant's making complaint, to have a platform built to take the place of such board. (*Webster Manf. Co.* v. *Nisbett,* 205 Ill. 273, followed.)

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

C. H. BURTON, and M. R. SULLIVAN, for appellee.

Per CURIAM: Appellee recovered a judgment in the circuit court of Madison county against appellant for $1999, in an action for a personal injury alleged to have been sustained by him while in the employ of appellant. The declaration consisted of one count, and averred the employment of appellee and set forth the manner in which he was injured, substantially as shown by the evidence. A plea of the general issue was filed and a trial had before a jury, resulting in a verdict and judgment for the above amount. At the close of plaintiff's case defendant presented a motion asking the court to instruct the jury to find defendant not guilty. The court refused to give said instruction and submitted the case to the jury, defendant offering no evidence. An appeal was taken to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed, and the cause is brought to this court by appeal.

One of the errors urged for a reversal of the judgment is the refusal of the court to peremptorily instruct the jury to find the defendant not guilty.

The only witnesses who testified in the case were appellee and the physician who treated him for his injuries. Appellee stated that he was twenty-five years of age and began to work for appellant in June, 1905, before he was injured, in September. At the time of his injury he was operating a metal milling machine, which planed off the rough parts of castings by knives revolving in a cutter-head. The machine was about five feet wide, twelve feet long and four or four and one-half feet high. It was a double machine, containing two revolving cylinder heads, each having twenty-seven knives or cutters held in place by set-screws, and a man worked on each side of the machine. It was necessary to adjust these knives from ten to twelve times a day. In doing this the set-screws were loosened by turning them with a wrench five or six inches in length, the knives removed, ground and re-set by a gauge. To reach the set-screws, which were near the top of the machine, it was necessary for appellee to stand on something above the floor or ground upon which the machine stood. For this purpose a board eight feet long, eight inches wide and one and one-half inches thick was used. One end of it was placed on the ground and the other upon a part of the machine about eighteen inches above the ground. The board was loose at each end, and a similar one was used by the man who worked on the other side of the machine. At the time of appellee's injury he was standing with one foot on the board and the other foot on the machine, adjusting the set-screws. The machine was not running. The board slipped, causing appellee's foot that was resting upon it to slip to one side and at the same time the foot that was on the machine slipped from it, and appellee fell, striking one leg just below the knee against the machine, thereby injuring him.

Appellee testified that appellant's foreman put him to work on this particular machine on Monday, the 18th or 19th of September, and that he was injured on the following Thursday about nine o'clock in the morning; that he adjusted the knives of the machine ten or twelve times each day on Monday, Tuesday and Wednesday, using the board as above described. He states that the board was at the machine, in the position it was in when he was injured, when he went to work at the machine, and that he never touched the board only when standing on it, and further, that there was no other way of reaching the set-screws. He stated the board, its condition and position were plainly visible and apparent to him; that he talked to Joseph Doran, appellant's foreman, who put him to work at the machine and who was in charge during the time he worked at it, about the board on the day before he was injured, and told Doran that it was rather dangerous to work on,—a fellow would slip and get hurt,—and that Doran said he would fix it as soon as he could get a man and told him to go back to work; that he would have a platform there, so he could walk all around the machine without stepping off. He states this conversation took place about eleven o'clock on the day before he was hurt, and that nothing had been done with reference to the board or building the platform by appellant for the purpose of furnishing him other means of reaching the set-screws when he was injured.

Under the rule announced in *Webster Manf. Co.* v. *Nisbett,* 205 Ill. 273, we think the court should have allowed appellant's motion to instruct the jury to return a verdict in its favor. That case cannot be distinguished from, and to our minds is conclusive of, this case. The injury there resulted from the use of a hammer known to be defective and after complaint and a promise to repair had been made. The court said (p. 277): "But the rule which exempts an employee from assuming the risk where a promise to repair is made is designed for the benefit of those engaged in work

where machinery and materials are used of which the employee has little knowledge, but it does not apply to ordinary labor, which only requires the use of implements with which the employee is entirely familiar." In the opinion the court quoted with approval from *Meade* v. *Lake Shore and Michigan Southern Railway Co.* 138 Ind. 290, and *Marsh* v. *Chickering*, 101 N. Y. 396, in each of which cases the injury resulted from a defective condition of a ladder used by the injured party in lighting and extinguishing lamps, after complaint had been made of the defective condition and a promise to repair the same. In both these cases it was held there could be no recovery. The injury to appellee did not result from any defect in the machinery, but from the use of the board in enabling him to perform the work he was doing on the machine. It was an instrument of the simplest character, and no special skill or experience was required to enable one at a glance to comprehend the possible dangers, if any, that might result from its use. In *Gunning System* v. *LaPointe,* 212 Ill. 274, it was said (p. 279) : "The cases where the rule of assumed risk is suspended and the servant exempted from its application under a promise from the master to repair or cure the defect complained of, are those in which particular skill and experience are necessary to know and appreciate the defect and the danger incident thereto or where machinery and materials are used of which the servant can have little knowledge, and not those cases where the servant is engaged in ordinary labor or the tools used are only those of simple construction, with which the servant is as familiar and as fully understands as the master."

We are of opinion the court erred in not directing a verdict for the defendant, and the judgment is reversed and the cause remanded.   *Reversed and remanded.*