### D. L. Gearner, Appellee, v. American Car & Foundry Company, Appellant.

1. MASTER AND SERVANT—*who are fellow-servants.* Two servants
of the same master habitually associated, who each had his under-
stood part in a joint operation, are fellow-servants, and an injury
to one of them resulting from the carelessness of the other in per-
forming such joint work cannot be made the basis of a recovery
against the master.

2. MASTER AND SERVANT—*when doctrine of assumed risk applies.*
A servant cannot be heard to say that he did not know and appre-
ciate the danger of a simple device the danger of which was obvious.

Action in case for personal injuries. Appeal from the Circuit
Court of Madison county; the Hon. CHARLES T. MOORE, Judge, pre-
siding. Heard in this court at the August term, 1908. Reversed
with finding of facts. Opinion filed March 4, 1909.

WISE, McNULTY & KEEFE, for appellant.

J. M. BANDY, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion
of the court.

This is an action in case brought by appellee against
appellant to recover damages for injuries sustained
while in the employ of the appellant. The declaration

is in one count, alleging that the defendant operated a manufacturing plant and had certain heavy iron moulding flasks used in the manufacture of car wheels; that in the operation it was required to raise the said flasks from the ground by means of a bail, suspended from an air-hoist, and provided with an iron rod and hook at each end by which it could be fastened to lugs on the flask which was then raised by the air-hoist to the desired position; that when raised, and while suspended, it was the duty of plaintiff and a moulder, with whom he worked, to rap the mould or flask while suspended, in order to displace the sand with which it had been filled when used in moulding. It is further alleged that the defendant negligently permitted the said bail to become and remain defective in such manner that one of the hooks was liable to slip off the lug attached to the flask and cause it to fall; that plaintiff complained of the dangerous condition of the bail to his foreman (the moulder), that the foreman assured him there was no danger, and negligently ordered him to proceed with his work, and that while obeying the order the flask fell and he was injured. A plea of not guilty was filed and the case tried by a jury, which returned a verdict for the plaintiff, assessing damages at $300. A motion for a new trial was overruled, and the defendant appealed.

At the close of all the evidence, the defendant requested a peremptory instruction to find the defendant not guilty, which was refused, and an exception preserved. As we are of opinion that the trial court erred in not taking the case from the jury, it will not be necessary to consider other errors assigned and discussed in argument. It appears from the evidence, largely from the testimony of appellee himself, that he was employed by appellant as a moulder's helper in making car wheels, that he was forty-one years old, with four months' experience, and entirely familiar with the duties of his employment. The operation in which appellee was engaged, when injured, his part

in the work to be done, and the machinery in use, appears in evidence and is briefly described as follows: Two men are required in the operation—a moulder and a helper. Appellee was employed as a helper. The iron flask or receptacle in which the mould for the wheel is made, is cylindrical in form, four feet in diameter, 14 inches thick, and in two parts, the upper and lower part called cope and drag respectively. The mould for the wheel is made in two parts, one half in the cope and the other half in the drag. The moulder places the wheel pattern first in one and then in the other, while the helper puts in and tamps the sand about it; after which the pattern is withdrawn, the parts are fitted and clamped, making the flask, into which the molten iron is poured to make the wheel. When the iron has cooled and hardened, the helper removes the clamps, and by means of a bail and air-hoist the cope or upper part of the flask is raised a foot or two from the ground, leaving the wheel and most of the sand on the ground. To clean and remove the adhering sand from the flask, it is raised by the air-hoist about four feet, turned over and jarred by a hammer. The bail by which the flask is raised and suspended is composed of a cross-beam four feet long, with an iron rod at each end, terminating with a hook to be hooked over or around the knobs or trunnions on the flask when it is to be raised from the ground. Preparatory to this operation, it is the duty of the moulder to fasten the hook on one side and that of the helper to fasten it on the other. In substance, the appellee testifies, that in the morning of Nov. 21, 1907, the day of the accident, he noticed that one of the bail-rods was twisted out of shape, and, as he feared, was likely to slip off the trunnion and allow the suspended flask to fall. He watched it with concern all day, or until he was injured at 2:30 in the afternoon. He called the moulder's attention to the defective rod and was told that it was all right. Of what occurred at the time of his injury the appellee

testified: ''After he (the moulder) had raised it (the flask) up and turned it over, I was standing out there watching, and he said, what are you standing out there for, why don't you come over here and get to work. And I said, I am afraid. He said, that bail is all right and went up and hit it one rap with the hammer. *  *  *  I went up and hit the flask two licks with the hammer and it slid off the hook on his side and swung to me and hit, knocked me down and fell on my leg.''

Without considering the testimony of appelllant's witnesses, by which appellee, who alone testifies in his own behalf, is contradicted, and wholly disregarding his own written statement at variance with the facts as stated on the witness-stand, we are clearly of opinion that he has not proved a cause of action.

The fellow-servant doctrine, that when a servant is injured by the negligence of another servant, when they are co-operating with each other in a particular business in the line of their employment, or their duties are such as to bring them into habitual association so that they may exercise a mutual influence upon each other, promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable, has been so often declared by the Supreme Court, and is so well understood by the profession, that citation of authority is unneccessary. According to appellee's testimony, he and VanEssler, the moulder, were fellow-servants within either branch of the definition as we find it in the Supreme Court opinions. They were co-operating together in a particular business in the line of their employment, and their duties were such as to bring them into habitual association, so as to exercise a mutual influence upon each other promotive of proper caution, and there is nothing in the evidence from which it can reasonably be said that the moulder was the foreman or superior over appellee in the work they were about. They each had their understood part

in the joint operation, and their duties, in hooking the bail to the flask and beating out the sand, were precisely the same. The language of the moulder, "Why don't you come over here and get to work" is not, in form, an order, nor may it under the circumstances be so interpreted. At most it was only a call or direction to appellee, by his fellow-servant, to attend to his regular duty of striking the flask with the hammer. Appellee's answer and explanation of his standing back came after the supposed order, and immediately, without compulsion, by order or otherwise, he stepped forward in performance of his customary duty and struck the flask with the hammer. Whether appellee acted pursuant to an order by the moulder or not, he cannot recover because of contributory negligence or risk assumed. He knew the defect and fully appreciated the danger long before the accident occurred, if his testimony is credited. The rod and hook attached to the bail is so simple a device that appellee cannot be heard to say that he did not know or appreciate the danger in using it. M. V. G. Co. v. Nisbett, 205 Ill. 273; Kistner v. Am. Steel Foundry, 233 Ill. 35; Gunning System v. La Pointe, 212 Ill. 274. In this case, however, appellee does not declare or claim that he was ignorant of the defect, or that he did not appreciate the danger incurred by its use. On the contrary, he says he knew and complained of the defective rod in the morning and, thereafter, continued to work with it all day without promise of any one to repair, relying, not upon his own knowledge, but upon the assurance of his fellow-servant—foreman as he contends—whose means of knowing the defect and danger was no greater than his own. Under the evidence presented by the record the trial court should have given the peremptory instruction to find the defendant not guilty. The judgment will therefore be reversed without remanding the cause.

*Reversed with finding of facts.*

We find as facts, to be incorporated with the judgment, that appellant was not guilty of the negligence charged; that appellee and VanEssler, the moulder, were fellow-servants, that appellee was guilty of contributory negligence, and assumed the risk of danger from the alleged defective rod or appliance of which complaint is made.