## Nellie Carlin, Administratrix, Plaintiff in Error, v. Mathew Rauen, Defendant in Error.

## Gen. No. 15,730.

MASTER AND SERVANT—*when doctrine of assumed risk applies.* If the servant is injured from a danger known to him as well as to his master the doctrine of assumed risk applies and bars a recovery.

Action in case for death caused by alleged wrongful act.   Error to the Superior Court of Cook county; the HON. WILLARD M. McEWEN, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1909.   Affirmed.   Opinion filed October 3, 1911.

BERNARD P. BARASA, for plaintiff in error.

LACKNER, BUTZ & MILLER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.
Plaintiff's intestate was a common laborer in the employ of the defendant in error.   Part of his duties consisted, when ordered, of wheeling brick and mortar over a plank, which was twenty feet long, twelve or fourteen inches wide, and three inches thick.   This plank was on an incline.   The deceased fell from it in

some way, sustaining injuries which resulted in his death.

·The record is made up of the testimony of one witness and the offer to prove other facts by certain other witnesses, the charge of the court to the jury directing it to find a verdict in favor of the defendant, the verdict and the judgment rendered thereon.

The declaration does not charge that the deceased did not know of the danger of using the plank, but the case of plaintiff in error is based entirely upon the theory that the plank was too narrow and the incline too great, and that because the foreman ordered the deceased to do work which required the latter to use the plank—the foreman knowing that it was unsafe to do so—the employer is liable for the result.   It would seem that the deceased for two weeks or more before the accident had used this plank at least one or two hours each day in the regular line of his employment. The danger, if there was any, in using it, was as apparent to him as to his employer or his employer's foreman.   The order of the foreman was not an unusual one; it was one that apparently had been given and obeyed every day for two weeks or more.   Nor was there danger in obeying it known to the foreman and unknown to the deceased.   The deceased was not misled by an assurance of the foreman.

As was said in E. J. & E. Ry. Co. v. Myers, 226 Ill. 358:

"It is only where the servant has been misled by the assurance of the master, or some one standing in the master's place, that he can excuse himself from the assumption of the risk on the ground that he has been assured by the master that there is no danger in the use of the appliance or piece of machinery which he knows, as a matter of fact, is defective and the use thereof attended with danger."

We think the case is clearly one that comes under the

doctrine of assumed risk, and that the trial court committed no error in directing a verdict.    Kistner v. American Steel Foundries Co., 233 Ill. 35; Cichowicz v. International Packing Co., 206 Ill. 346; McCormick Harvesting Machine Co. v. Zakzewski, 220 Ill. 522.

*Affirmed.*