**Louis Szappanos, Defendant in Error, v. W. P. Nelson Company, Plaintiff in Error.**

**Gen. No. 17,584.**

1. MASTER AND SERVANT—*when painter standing on open box cannot recover.* A painter working on a ladder scaffold could not reach quite high enough and obtained from the foreman a so-called box or cleat formed by nailing three pieces of board together leaving one side open, which was not to be used to stand upon. The foreman learning plaintiff was to so use it cautioned him against such use and said that he would furnish something else, as did his working partner, but he stood on it and it separated and he fell. *Held,* the foreman was in the exercise of reasonable care for plaintiff's safety and a judgment for plaintiff would not be sustained.

2.  MASTER AND SERVANT—*when painter standing on open box assumes risk.*  Where a painter working on a ladder scaffold stands on a so-called box or cleat, a simple contrivance formed by nailing three pieces of board together leaving one side open, and the box separates and he falls, he assumes the risk, the accident falling within the rule of the cases involving the use of simple tools.

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed with finding of fact. Opinion filed December 3, 1912.

F. J. CANTY and J. C. M. CLOW, for plaintiff in error.

STEDMAN & SOELKE, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Defendant in error, Szappanos, brought an action for personal injuries against plaintiff in error in the Municipal Court of Chicago. While working for plaintiff in error, the defendant in error fell from a scaffold to the floor below, a distance of from ten to twelve feet, and sprained his ankle.

The evidence shows that defendant in error was one of a gang of painters in the employ of the plaintiff in error, doing a painting job on a building. These painters were working under the supervision of Foreman McCabe. At the time of the accident the workmen were on the top floor of the building, painting the sashes of the skylight. The men worked in pairs —two men on a scaffold. The scaffold is called a "ladder scaffold;" that is, it was made by supporting boards on the rungs of ladders, and the workmen stood on the boards. At the time of the accident, one end of the scaffold was supported by resting on an iron or steel beam which formed a part of the building. As a means of adjusting the height of the scaffold, when the beams of the building were utilized, the foreman made certain boxes or cleats as the witnesses called them, which, at the proper point in the progress

of the work, the men would put over the steel beams and in this way adjust the scaffold to a higher point. The cross section of the steel beam resembled the letter "T" inverted; that is, the flange or flat side was placed downward, leaving the middle stem projecting upward. The so-called box or cleat was formed by nailing three pieces of boards together, leaving one side open. These when in use were placed over the steel beam so that the boards, nailed at right angles, would slip over the steel beam, one of the boards or pieces, extending down each side of the beam; that is, the cleat or box would straddle the stem of the beam, and the sides of the box or cleat would rest on the flanges of the beam. Upon the cleat so placed the boards of the scaffold were placed.

Defendant in error and his partner, who was working with him on the same scaffold, were engaged in painting the sash of a skylight, beginning at the bottom. When the work had progressed to a certain point, the defendant in error discovered that he could not quite reach the top of the sash of the skylight, standing on the scaffold as it was then placed. He asked the foreman, McCabe, to hand him one of the boxes or cleats which was lying on the floor nearby. McCabe handed him the box or cleat, and when he did so he asked the defendant in error what he was going to do with it, and defendant in error replied, "I am going to stand on it." The foreman said, "Wait now, don't do that, and I will make you one or hand you something else." Anderson, the defendant in error's partner, and called as a witness by defendant in error, also cautioned him against standing upon the cleat or box before he was injured. The cleat or box was placed by the defendant in error on the plank scaffold, and while standing on it the sides spread and the defendant in error fell from the scaffold and was injured.

In our opinion the evidence shows that the plaintiff in error was in the exercise of reasonable care for

the defendant in error's safety.   Defendant in error was cautioned against using the appliance to stand upon both by the foreman when the cleat or box was handed to him, and afterwards by Anderson, his partner; but the defendant in error gave no heed or attention to the advice of either the workman or the foreman.   The testimony of McCabe and Anderson is in substantial agreement.   Defendant in error denies in his testimony that McCabe, the foreman, told him not to use the cleat or box to stand upon.   He does not, however, deny the testimony of Anderson either to the effect that the foreman told him not to use the cleat or box or that he, Anderson, cautioned him against using it.   We think the evidence fails to show any negligence on the part of the plaintiff in error.

In our opinion, the defendant in error assumed the risk of the injury which he sustained.   The box or cleat which he was using was a simple and crude contrivance, designed to be used for another purpose, and its construction was obvious to the defendant in error at a glance.   The case falls within the rule of the cases involving the use of simple tools.   Kistner v. American Steel Foundries, 233 Ill. 35; Webster Mfg. Co. v. Nisbett, 205 Ill. 273; International Packing Co. v. Kretowicz, 119 Ill. App. 488.

We are clearly of the opinion that upon the facts shown in the record the law did not warrant a recovery in the case.   The judgment is reversed with a finding of fact.

*Reversed with finding of fact.*