Puza, by guardian *ad litem*, Respondent, vs. C. Hennecke Company, Appellant.

*October 8—October 27, 1914.*

*Master and servant: Workmen's Compensation Act: Abrogation of defenses: Assumption of risk: Contributory negligence: Questions for jury: Unsafe working place: Defective stepladder: Simple tools.*

1. Since the enactment of the Workmen's Compensation Act, which abrogates the defense of assumption of risk and in certain cases that of contributory negligence, it is more necessary than formerly to distinguish between assumption of risk and contributory negligence.

2. The intended and continued use of a known defective appliance or a known unsafe place by the employee in substantially the same way as the employer instructed or intended it should be used is an assumption of risk by such employee, but not contributory negligence.

3. Thus, where an employee was directed to wash certain windows and in so doing to use a particular stepladder which was visibly out of repair, defective, and unsafe, his conduct in taking and using such ladder as instructed, notwithstanding its visible defects, constituted assumption of risk and not contributory negligence.

4. But where such employee, without being instructed so to do, set the stepladder in the garden of an adjoining lotowner, outside of a wire fence which was parallel with and about two feet distant from the side of the building in which the windows were to be washed, and was injured by the breaking of the ladder while he was using it in that position, his act in so placing the ladder, if it caused or contributed to cause his injury and was of such character that an ordinarily prudent person under like circumstances would not have committed it, constituted contributory negligence; and upon the evidence in this case, the questions whether such act was negligent and whether it contributed to his injury were for the jury.

5. Furnishing an employee a stepladder for such a purpose is furnishing him a working place or appliance, and the doctrine as to simple tools is not applicable.

Appeal from a judgment of the circuit court for Milwaukee county: W. J. Turner, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Burr J. Scott,*

attorney, and *Lawrence A. Olwell,* of counsel, and oral argument by *Mr. Scott.*

For the respondent there was a brief by *Rubin & Zabel,* attorneys, and *George C. Dutcher,* of counsel, and oral argument by *Mr. Dutcher.*

TIMLIN, J.    This case was tried in the civil court of Milwaukee county and a special verdict rendered which entitled the plaintiff to recover $1,000.    This recovery rested upon findings that the defendant employer directed the plaintiff, its employee, to use a stepladder furnished by the defendant which was not reasonably safe for use.    The defendant in the exercise of ordinary care ought to have known that the stepladder was not reasonably safe and was negligent in permitting its use by the plaintiff.    Failure to furnish a reasonably safe ladder and want of ordinary care in permitting its use by the plaintiff were proximate causes of plaintiff's injury.    The plaintiff was acquitted of contributory negligence.    The civil court granted a motion of the defendant for judgment notwithstanding the verdict and gave judgment for defendant.    On appeal the circuit court reversed this and gave judgment for the plaintiff on the verdict.

By secs. 2394—48 and 2394—49, Stats., the common-law duties of the employer with reference to furnishing a safe place are materially enlarged.    The employer is not only to furnish a safe place as there defined, but he is forbidden to permit the employee to work in any other place.    *Besnys v. Herman Zohrlaut L. Co.* 157 Wis. 203, 147 N. W. 37.

In any action founded upon negligence brought by an employee or his personal representative against an employer to recover for personal injuries or death resulting therefrom incurred by the employee in this state while engaged in the line of his duty, the defense of assumption of risk is by sec. 2394—1 abolished.    This statute went into effect September 1, 1911.    By this statute in the same class of cases the so-

called fellow-servant defense was also abolished where there were four servants or more engaged in a common employment. By ch. 599, Laws of 1913, which went into effect June 30, 1913, the defense of contributory negligence was in the same class of cases taken away, "when such want of ordinary care was not wilful." One effect of these statutes is to make it now more than formerly necessary to distinguish between assumption of risk and contributory negligence.

From the viewpoint of their effect in defeating plaintiff's recovery, assumption of risk and contributory negligence were formerly very much alike. They can no longer be considered from that viewpoint because there is now no such common viewpoint with reference to cases arising after September 1, 1911, and before June 30, 1913. The same is true of cases arising after June 30, 1913, where there were less than four employees engaged in a common employment, and in such last mentioned cases where there were four or more employees engaged in a common employment but where there was "wilful" want of ordinary care on the part of the injured employee. Under such statutes the effect of assumption of risk and that of contributory negligence on the plaintiff's right of recovery are dissimilar. It would be rash to attempt to indicate in a single decision all the points of difference between assumption of risk and contributory negligence or to attempt to set limits to the meaning of the expression "want of ordinary care not wilful." But it is quite safe to say that an intended and continued use of a known defective appliance or a known unsafe place by the employee in substantially the same way as the employer instructed or intended it should be used falls under the definition of assumption of risk as expressed in this statute and is not to be considered contributory negligence. There was evidence in this case which the jury had a right to believe to the effect that defendant by its foreman directed the plaintiff to wash the windows in question with a brush on the end of a pole

and to use in so doing this particular stepladder. The stepladder was visibly out of repair and in fact defective and unsafe. Parallel with the south side of the building in which the windows were to be washed on the outside and about two feet distant therefrom was a wire fence three or three and one-half feet high. The bottoms of the windows to be washed were higher than the top of this fence. The windows extended up five or six feet, and the plaintiff was obliged to use on the stepladder a pail of water and a brush fastened to the end of a pole about five or six feet long. He could not use this stepladder between the fence and the building because of the narrow space, which brought him too close to the building, causing the water to fall back on him from his brush. He therefore set his ladder outside of the wire fence in a garden which belonged to an adjoining lotowner. The ground in this garden was lower than the ground on the other side of the fence and softer, and the upright legs of the stepladder sunk into it somewhat. While standing on the third step of this ladder so placed, with a pail of water on the top step and the pole to which was fastened the brush in his hands, the ladder broke and he fell, receiving the injuries complained of. Under such circumstances it must be held that the conduct of the plaintiff in taking and using the ladder as instructed, notwithstanding its visible defects, constituted assumption of risk and not contributory negligence. But his acts in placing the ladder south of the wire fence and in the garden were of a different quality. Such acts, if they caused or contributed to cause plaintiff's injury and were of such character that an ordinarily prudent person under like circumstances would not have committed them, would constitute contributory negligence. The latter defense not having been abolished when the injury in question occurred, if found by the jury or affirmatively established by uncontroverted evidence or necessary inference would have defeated plaintiff's action. We are convinced that it was a question

for the jury whether or not the act of the plaintiff in placing the stepladder south of the wire fence in the garden was under the circumstances detailed a negligent act, and it was a like question whether or not it contributed to cause plaintiff's injury. If the plaintiff could not efficiently perform his work with the stepladder, pole, and brush as directed unless he placed the ladder to the south of the wire fence, and an ordinarily prudent person in the exercise of ordinary care would have taken this means to efficiently perform his employer's instructions, then there was no negligence on the part of the plaintiff. This was a jury question.

There was apparently much discussion in the civil court with reference to what was there called the "simple tool" doctrine, referring to the rule of *Meyer v. Ladewig,* 130 Wis. 566, 110 N. W. 419. This discussion was, we think, quite beside the case, which is governed by statute so far as the question of liability of defendant and that of assumption of risk are concerned. Furnishing an employee a stepladder is furnishing him a place whereon to stand. It is a place or an appliance, not a tool. These statutes are quite drastic, but there is no mistaking the legislative intention. The remedy of the employer is to bring himself within the Workmen's Compensation Law. Statutes mentioned were intended to make it uncomfortable for employers who fail to come in under the Compensation Act. The defendant in this case apparently elected to remain outside and it must abide the consequences. The view of this case taken by the circuit court was correct.

*By the Court.*—The judgment of the circuit court is affirmed.