NICKAS, Appellant, vs. HINES, Director General of Railroads, Respondent.

*May 4—May 31, 1921.*

*Master and servant: Federal employers' liability act: Assumption of risk: Promise of employer to remedy defective machinery: Simple-tool doctrine.*

1. Where work is attended by open and obvious dangers, a servant who undertakes such work appreciating the danger, or continues therein without protest, assumes the risk; but where the risk arises from the use of defective machinery and the employee objects to a continuance of the employment because of the risk arising from such defect and the employer promises to remedy it, the employee may continue in such employment for a reasonable time, relying on the promise to repair, without assuming the risk.

2. Where plaintiff, a railroad section hand, claiming damages under the federal employers' liability act for injuries occasioned by a dull pick, protested to his foreman that the tools were not very good and asked for good picks for pulling ties, and the foreman replied that better picks were not to be had until the arrival of the supply car which was not due for twenty-five days, and that until then the crew had to continue work with the defective picks, plaintiff, by continuing in his employment, assumed the risk, since his protest did not convey to the foreman the impression that he was objecting to the use of the pick because of danger, and since the foreman by such statement did not promise to supply a better pick, in view of plaintiff's knowledge as to when the supply car was due.

[3. Whether this court or the federal courts have taken any position in reference to the so-called simple-tool doctrine, is not involved or decided in this case.]

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

On the 1st day of November, 1919, the plaintiff was in the employ of the Chicago & Northwestern Railway Company, as a section hand, at Kimberly, Wisconsin. A portion of his work consisted in removing old ties and substituting new ones in the roadbed. To move the ties it was customary to drive a pick into them and then pull on the handle of the pick. While plaintiff was pulling one of the ties the hold of the pick in the tie gave way and plaintiff fell backwards and sustained personal injuries. He brought this action in the civil court of Milwaukee county to recover damages, basing the same on the so-called federal employers' liability statute. The jury returned a verdict entitling plaintiff to recover. The court, however, rendered judgment in favor of the defendant notwithstanding the verdict, for reasons which will be referred to in the opinion. The plaintiff appealed to the circuit court, where the judgment of the civil court was affirmed, and from such judgment of the circuit court plaintiff brings this appeal.

*Ray J. Cannon* and *A. W. Richter,* both of Milwaukee, for the appellant.

*R. N. Van Doren* of Milwaukee, for the respondent.

OWEN, J. The civil court rendered judgment in favor of the defendant, notwithstanding the verdict, on the ground that the undisputed evidence showed that plaintiff had assumed the risk, which is held to constitute a defense under the federal employers' liability act. Plaintiff grounds his action on the proposition that the pick with which he was supplied was so dull that it was impossible to sink it sufficiently deep into a tie to obtain a secure hold thereon; that because of its dullness it constituted an unsafe tool with which to work; that he protested to the section foreman, who promised to supply him with a better pick; that relying

upon such promise he continued in the work, and because of such protest on his part, and promise on the part of the foreman, he did not assume the risk.

It is elementary that where the prosecution of certain work is attended by open and obvious dangers, a servant who undertakes such work appreciating the danger thereof, or continuing therein without protest, assumes such risk or hazard. Where such risk, however, arises from the use of defective machinery, and the employee objects to a continuance of the employment because of the risk arising from such defect, and the employer promises to remedy it, the law is settled that the employee may continue in such employment for a reasonable length of time, relying upon such promise to repair, without, during such reasonable time, assuming the risk arising from such defect. Plaintiff claims that this case, under the facts and circumstances disclosed by the evidence, is ruled in his favor by the application of such principle. The civil court held that the principle above stated has no application to defective tools or simple machinery. It was so ruled in *Marsh v. Chickering,* 101 N. Y. 396, 5 N. E. 56, and has been adopted by many courts. Following are a few of the numerous cases cited by appellant which have adopted the so-called simple-tool doctrine of *Marsh v. Chickering: Kistner v. American Steel Foundries,* 233 Ill. 35, 84 N. E. 44; *Meador v. L. S. & M. S. R. Co.* 138 Ind. 290, 37 N. E. 721; *Rahm v. C., R. I. & P. R. Co.* 129 Mo. App. 679, 108 S. W. 570; *Brewer v. Tenn. C., I. & R. Co.* 97 Tenn. 615, 37 S. W. 549; *Conley v. American Exp. Co.* 87 Me. 352, 32 Atl. 965; *St. Louis, A. & T. R. Co. v. Kelton,* 55 Ark. 483, 18 S. W. 933; *Gulf, C. & S. F. R. Co. v. Brentford,* 79 Tex. 619, 15 S. W. 561. It is also claimed by appellant that this rule has been recognized and adopted in this state in the cases of *Corcoran v. Milwaukee G. L. Co.* 81 Wis. 191, 51 N. W. 328, and *McGinn v. French,* 107 Wis. 54, 82 N. W. 724. The

soundness of the rule announced in *Marsh v. Chickering* is vigorously assailed by respondent, who contends that it was repudiated by this court in the case of *Williams v. Kimberly & Clark Co.* 131 Wis. 303, 111 N. W. 481. In view of the fact, as we hope presently to show, that this case is resolved against plaintiff upon more fundamental considerations, we find it unnecessary to consider the soundness of the so-called simple-tool doctrine as promulgated in *Marsh v. Chickering*, or whether this court has taken any position with reference thereto, or whether the doctrine has been adopted by the federal courts.

The plaintiff in this case assumed such danger as was incident to the use of the dull pick furnished him unless he protested against using the pick because of the danger connected with its use and unless the section foreman promised to supply him with another pick. Upon this point plaintiff testified that on the day before the accident occurred he told the foreman that "the tools we had got weren't very good. He always used to give us the worst tools we had in the tool house. I told him to give us good tools to work with, to give us good picks, because we were pulling the ties; that is why I asked for good picks. He says we ain't got better picks. We had to continue to work and be careful until the supply car comes and we got new ones. That is all I said and all the foreman said." He further testified that he knew the supply car would not come until the 25th of the month. In order to relieve the employee of the assumption of risk under such circumstances two things are necessary: first, the employee must make it plain to the employer that he declines longer to continue in the employment because of the danger attending the use of such defective tools, appliances, or machinery; second, the employer, realizing such mental state on the part of the employee, must promise to remove the dangerous defect. In reliance upon such promise the employee may continue

in the employment for a reasonable length of time, which means a time reasonably adequate to permit the employer to remedy the defect, and during such time the employer and not the employee assumes the risk. As said in *Yerkes v. N. P. R. Co.* 112 Wis. 184 (88 N. W. 33), at p. 189:

"The master must be given to understand that the servant protests and objects against continued exposure to the danger. If, so understanding, he promises to remove it, the servant is justified in temporarily continuing the employment until such reasonable time has elapsed as to destroy his right to rely upon the promise to repair, except in certain cases of peculiarly great, imminent, and unavoidable danger. . . . The master meanwhile is responsible for such injuries as are proximately caused by the defect, without contributory negligence."

In the first place, we think the protest made by the plaintiff to the foreman, as testified to by the plaintiff, is utterly inadequate to convey to the foreman the impression that the plaintiff was objecting to the use of the dull pick because of danger resulting from its use. It was such a complaint as a workman might make if furnished with a dull ax or a rusty hoe, and it was made for the purpose of expressing dissatisfaction, rather than fear of danger resulting from its use. In the next place, the evidence likewise fails to show any promise to supply a better or sharper pick. In fact plaintiff's own testimony as to the reply made by the foreman negatives rather than affirms a promise. His own testimony is to the effect that the foreman told him that new picks could not be secured until the supply car came, and that he, plaintiff, knew that would not be until the 25th of the month. Thus the foreman in effect said to him: You will have to work with this pick until the 25th of this month. You cannot have a new or better pick until that time. This constituted no promise to remove the danger, if danger there was, within a reasonable length of time, but constituted definite information to the plaintiff

that he would have to submit to the risk attending the use of the dull pick for a period of twenty-five days. Knowing this, the plaintiff voluntarily continued in the employment and thereby assumed the risk. Upon these grounds, if not upon the ground assigned by. the trial court, judgment was properly rendered in favor of the defendant notwithstanding the verdict of the jury.

*By the Court.*—Judgment affirmed.