HAILE, Respondent, v. ELLIS, Appellant.*

*October 6—November 5, 1958.*

* Motion for rehearing denied, with $25 costs, on January 6, 1959.

For the appellant there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Louis D. Gage, Jr.,* and by *Roy E. Berg,* all of Janesville.

For the respondent there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Francis J. Korf.*

CURRIE, J.   The issues on this appeal are:

(1) Did the plaintiff assume the risk of his injury as a matter of law?

(2) Was the plaintiff guilty of contributory negligence to the extent that his negligence constituted at least 50 per cent of the aggregate negligence of himself and that of the defendant employer?

The defenses of assumption of risk and contributory negligence have been abrogated in most master-servant cases by sec. 331.37, Stats., but farm labor is specifically exempted from such statute.

Counsel for the defendant contend that, because the plaintiff knew of the defective condition of the cornpicker prior to the day of the accident and nevertheless continued to use such machine, this constituted assumption of risk as a matter of law. In this case, unlike *Frei v. Frei* (1953), 263 Wis. 430, 57 N. W. (2d) 731, it is necessary to distinguish between assumption of risk and contributory negligence. This

is because of our conclusion that, while we are satisfied that the plaintiff was negligent as a matter of law in placing his hand in as close proximity as he did to the revolving rollers of the picker, the comparison of negligence presents a jury issue. However, if the plaintiff was also guilty of assumption of risk, this would in itself bar any recovery on his part.

This court in *Puza v. C. Hennecke Co.* (1914), 158 Wis. 482, 484, 149 N. W. 223, held that an intended and continued use of a known defective appliance by an employee in substantially the same way as the employer instructed or intended it should be used constitutes assumption of risk and not contributory negligence.

The late Prof. Francis H. Bohlen of the University of Pennsylvania Law School, who acted as Reporter for Restatement, Torts, is recognized as having been one of the nation's greatest authorities on the subject of torts. Prof. Bohlen in an article in 21 Harvard Law Review, 233, 249, distinguished between assumption of risk and contributory negligence as follows:

"Voluntary assumption of risk is the mere passive subjection by the plaintiff of himself to the risk of injury *inherent in known defective conditions*. Contributory negligence is an act or omission on the plaintiff's part tending to a reasonable probability to add new dangers to his situation, not necessarily incident to the known defective conditions, and bringing upon himself a harm not caused solely by them, but created in part at least by his own misconduct." (Emphasis supplied.)

In the instant case the defendant employer intended that the plaintiff should use the defective machine in picking corn, although he did not intend that the plaintiff should clear the rollers of the picker, when they became clogged with stalks, by manually pulling out such stalks while the power was still operating the rollers. A factual dispute exists as to whether it was possible to clear the clogged rollers while the power

was disengaged. According to the plaintiff it was not possible to clear the clogged rollers with the power turned off, while the defendant states that he always did so on the occasions when he operated the picker.

Because of the defect arising from the worn gears, the clogging of the machine and the clearing of the clogged rollers were inevitable incidents of the operation of the picker. If the clogged rollers could not be cleared except by pulling the stalks out by hand while the power was turning the rollers, the plaintiff assumed the risk of any danger of injury which was inherent in such process. This is because such pulling of the stalks out from between the rollers while the power was engaged was part of the necessary operation of the picker. However, if it was not necessary to have the power engaged in order to clear the clogged rollers, then the defect in the mechanism presented no inherent risk of danger to the plaintiff in the continued use of the picker. Clearing the stalks out between the rollers could be done while the power was disengaged, and the defect in the machine did not, therefore, render the machine inherently dangerous to the operator.

Thus, resolving of the issue of assumption of risk is dependent upon ascertaining whether or not it was feasible for the plaintiff to clear the clogged rollers with the power disengaged. A dispute of fact exists as to this which necessitates that the question of assumption of risk be left for determination by a jury.

There is one exception to the rule that continued use by an employee of a defective machine or tool, when such use is inherently dangerous, constitutes assumption of risk. Such exception exists when the employee continues such use relying upon the assurance of the employer that he will repair the defect, and such continued use does not extend beyond a reasonable time in which the employer might remedy the defect. *Nickas v. Hines* (1921), 174 Wis. 387, 390, 391,

183 N. W. 151. However, in the instant case the plaintiff was not lulled into his continued use of the picker by any promise of repair on the part of the defendant.

We turn now to the issue of contributory negligence. The undisputed facts disclose that the plaintiff was negligent in placing his hands within six or eight inches of the rotating rollers with the power engaged. While he may not have known of the danger of a stalk catching the cuff of his glove, or other piece of clothing, and pulling his hand into the rollers, a person of ordinary prudence is chargeable with such knowledge. Furthermore, if it were possible to clear the clogged rollers with the power disengaged, then he would also be negligent in failing to have so disengaged the power by use of the clutch lever. In passing on the question of whether the plaintiff's negligence equaled at least 50 per cent of the aggregate negligence we must assume that he was negligent in such latter respect as well as the first. This is because, if it were not possible to clear the clogged rollers with the power disengaged, then the plaintiff was guilty of assumption of risk and would be barred from recovery. We must assume the state of facts most favorable to the plaintiff's right of recovery.

Counsel for the respondent contends that the defendant employer was negligent in the following three respects:

(1) Failure to equip the picker with guards or other safety devices which the plaintiff alleges were required by sec. 167.12, Stats.

(2) Failure to keep the picker in proper repair.

(3) Failure to instruct the plaintiff in the use of the picker and the manner of clearing the rollers.

The material provisions of sec. 167.12, Stats., read as follows:

"Any person, . . . who shall . . . use any machine to be operated by steam, or other power, for the purpose of husking or shredding corn or cornstalks shall provide such

machine with safety or automatic feeding devices for the protection from accident by the snapping rollers, husking rollers, and shredding knives of any person using or operating such machine in the discharge of their duty, and such machine shall be so guarded that *the person feeding said machine* shall be compelled to stand at a safe distance from the snapping rollers; and . . . shall maintain thereon such safety or automatic feeding devices." (Italics supplied.)

Such statute was before this court for construction in *Frei v. Frei, supra.* The cornpicker in the *Frei Case* was of the same general construction and operated the same as in the instant case. This court there held that sec. 167.12, Stats., had no application to such picker because the statute has reference to a machine which requires the operator to feed the cornstalks into the machine. A cornpicker of the type used in the *Frei Case* and in this case requires no operator to feed the stalks into it because the stalks are pulled into it mechanically as the picker is drawn behind the tractor. Counsel for the respondent, in their brief, review the statutory history of sec. 167.12 in an attempt to demonstrate that the court was in error in so holding in the *Frei Case*. We are not convinced thereby, and adhere to our prior determination in the *Frei Case* that this statute has no application to a tractor-pulled cornpicker.

There remains plaintiff's cause of action for common-law negligence against the defendant grounded upon his failure to repair the picker, and his failure to instruct the plaintiff in its use and how to safely clear the clogged rollers. A jury could well find the defendant negligent in either, or both, respects. *Venden v. Meisel* (1957), 2 Wis. (2d) 253, 85 N. W. (2d) 766. Assuming that a jury does find the defendant causally negligent in both respects, an extremely close question is then presented as to whether plaintiff's negligence does not equal 50 per cent of the total aggregate negligence as a matter of law.

This case is readily distinguishable from the *Frei Case* on this issue because in the latter case there was no reason or excuse for the plaintiff employee to have had the power engaged while picking up ears of corn in close proximity to the moving gathering chains. Here the plaintiff Haile let the power remain engaged in order to assist him in the clearing of the clogged rollers. Furthermore, in the instant case in comparing the negligence of the plaintiff and defendant, a jury might reasonably conclude that, because of the plaintiff's city background and lack of experience with power-driven cornpickers, his negligence was less than that of the defendant, an experienced farmer.

It is our conclusion that this is not a proper case in which to invoke an exception to the general rule that comparison of negligence is for the jury.

*By the Court.*—The order appealed from is affirmed.

MARTIN, C. J., and BROWN, J., took no part.

The following memorandum was filed January 6, 1959:

CURRIE, J. (*on motion for rehearing*). From the brief filed by counsel for the plaintiff on the motion for rehearing it appears that we misunderstood the plaintiff's argument with respect to sec. 167.12, Stats. It is counsel's position that the snapping rollers of the cornpicker constituted an automatic feeding device and that defendant's alleged violation of such statute consisted of his failure to *"maintain"* such automatic feeding device. However, we adhere to our holding in the original opinion that sec. 167.12 has no application to a tractor-drawn cornpicker.

*By the Court.*—The motion for rehearing is denied with $25 costs.