JANIAK, Respondent, vs. MILWAUKEE WESTERN FUEL COMPANY, Appellant.

*March 17—April 9, 1914.*

*Master and servant: Injury from set-screw on shaft: Contributory negligence: Assumption of risk: Evidence: Competency: Excessive damages.*

1. Plaintiff, an oiler, while filling a grease cup was injured by being caught by a projecting set-screw on a revolving shaft. Upon evidence tending to show, among other things, that he could have performed his duty while standing in a safe place in a passageway, but that a team in the passageway interfered therewith, and that it was customary under such circumstances, to defendant's knowledge, to do the work from the place where plaintiff stood at the time of the injury, it is *held* that in standing where he did he was not guilty of contributory negligence as a matter of law.

2. The defense of assumption of risk in such a case has been abolished by sec. 1636*jj*, Stats.; and even though there was such assumption by plaintiff he was not necessarily guilty of contributory negligence.

3. Evidence that former employees of defendant had stood where plaintiff did in oiling, even though as to one of them such evidence related to a time more than a year and a half prior to the accident—which happened after plaintiff had been employed as an oiler about fourteen months,—was competent to show that the set-screw was so located as to be dangerous to employees in the discharge of their ordinary duties, as well as upon the issue of where employees, to the knowledge of defendant, ordinarily stood when oiling.

4. An award of $8,000 for serious and painful injuries to a man about twenty-six years old, including fractures of his right leg both above and below the knee which resulted in a shortening and bending of the leg and permanent impairment of its use, and an injury to the scrotum and its contents, is *held* not excessive.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action for personal injuries sustained October 25, 1911. Defendant was engaged in the coal business, and in order to facilitate the loading of coal it was elevated by means of conveyors into bins or hoppers supported by heavy upright timbers. Adjacent to where plaintiff was hurt was a passageway for teams used in loading coal into wagons which were driven close to the upright timbers supporting the elevated bins. Just inside one of such upright timbers, and running at right angles to the passageway, was a revolving shaft about thirty inches above ground, one end of which rested on a horizontal timber placed parallel with the passageway just inside the upright ones and had an oil box on top of it. A little to the east of the oil box was a grease cup. The passageway ran east and west and the revolving shaft north and south. A short distance south of the horizontal timber and near the ground was a conveyor running east and west. On the day of the accident plaintiff, for the purpose

of filling the oil box and grease cup, stepped south over the horizontal timber just west of the revolving shaft and stood facing the shaft, in a small space bounded on the north by the horizontal timber, on the south by the conveyor, on the west by a timber supporting the conveyor and extending north nearly to the horizontal timber, and on the east or in front of him there was the revolving shaft, which, a few inches south of the grease box, had a set-screw projecting nearly an inch from the collar. The shaft revolved twenty times per minute. The upright timber, opposite the center of which was located the grease box, was about fourteen inches in diameter. As plaintiff was reaching for the grease cup his clothing was caught by the revolving set-screw and he was injured. The place where plaintiff stood was called point 12 in the special verdict.

The jury found (1) that the shaft was so located as to be dangerous to any employee of the defendant who was in the discharge of his duty; (2) that Kleppe instructed the plaintiff to screw down the grease cup while standing at point 12, as shown on plaintiff's exhibit 6; (3) that the plaintiff was accustomed to stand at point 12 as shown on plaintiff's exhibit 6 when screwing down the grease cup; (4) that the employees of the defendant who had the control and direction of the plaintiff in the performance of his duties knew that the plaintiff was accustomed to screw down the grease cup while standing at point 12, as shown on plaintiff's exhibit 6; (5) that the defendant ought reasonably to have anticipated that the plaintiff would, in attempting to turn down the grease cup west of the hard-coal elevator, stand at the point marked 12 in plaintiff's exhibit 6; (6) that no want of ordinary care on the part of the plaintiff proximately contributed to his injury; and (7) damages $8,000.

From a judgment for plaintiff entered upon the verdict the defendant appealed.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe* and *H. M. Wilke.*

For the respondent there was a brief by *John C. Kleczka* and *Glicksman, Gold & Corrigan,* and oral argument by *Mr. Kleczka* and *Mr. W. L. Gold.*

VINJE, J.   The chief contention of the defendant is that plaintiff was guilty of contributory negligence as a matter of law in stepping south of the horizontal timber to clean out and fill the oil box and attend to the grease cup, as in doing so he placed himself in close proximity to the revolving shaft. It is claimed that he could have stood in a perfectly safe place by remaining in the passageway and cleaning out the oil box by reaching partly around the upright timber.   That the box as well as the grease cup could have been safely attended to by standing in the passageway is unquestionably true.   But that was not always the customary place used in oiling and apparently for two reasons: first, because teams were often in the passageway, preventing that place from being used; and second, in cleaning out and attending to the oil box from that position it was necessary to reach in around the upright timber.   A person standing in the place plaintiff did, directly faced the oil box and was in a better position to see and attend to his work, though not in such a safe place. The grease cup and oil box required oiling twice a day and it was plaintiff's duty to attend to them.   At the time he was injured there was a team in the passageway, so he stepped over the horizontal timber to do his work.   He says he was careful to keep away from the shaft, and that he did not know of the set-screw.   He also says there was more or less coal dust in the air where he stood.   The evidence shows that it was customary to oil from where plaintiff stood when teams were interfering with doing it from the passageway, and had been for several years past, and that such custom

was known to the defendant.   In view of this we cannot say
that it was negligence as a matter of law for plaintiff to
stand where he did.   While the place, so far as his feet were
concerned, was rather a confined one, he had a secure footing;
his arms and body were free, and there is nothing to indicate
that the injury was in any manner caused by the fact that
plaintiff was more or less surrounded by timbers where he
stood.   The conveyor to the south was guarded, and does not
appear in any way to have contributed to the injury.   Had
plaintiff's place been entirely free from surrounding objects
except the revolving shaft he would have been compelled to
approach it as closely as he did in order to reach the grease
cup.   We cannot say that it was contributory negligence as
a matter of law to stand where he did, and the jury were
justified upon the evidence to find that he was guilty of none.

He undoubtedly assumed the risk of the dangers that by
the exercise of ordinary care were open and visible to him
where he stood, including the revolving shaft.   But the de-
fense of assumption of risk is abolished by the statute.
Sec. 1636$jj$, Stats.   So the only defense left on this branch
of the case was contributory negligence.   That there may be
an assumption of risk and absence of contributory negligence
is well settled by our decisions.   *Murray v. Paine L. Co.* 155
Wis. 409, 144 N. W. 982, and cases cited.

Exception is taken to the admission of evidence that former
employees of defendant stood where plaintiff did in oiling,
and particularly to the testimony of one Risch, who said he
stood there when oiling in and prior to March, 1910.   Plaint-
iff had been employed as oiler for about fourteen months, so
it was necessary to go back some considerable time to ascer-
tain what was done before he began his duties.   We think
the evidence objected to was competent to show that the set-
screw was so located as to be dangerous to employees in the
discharge of their ordinary duties, as well as upon the issue
of where employees, to the knowledge of defendant, ordina-
rily stood when oiling.

State ex rel. Thomas Furnace Co. v. Milwaukee, 156 Wis. 549.

The jury assessed the plaintiff's damages at $8,000, and this is claimed to be excessive. At the time of his injury plaintiff was twenty-five and a half years of age and earning $2 per day of ten hours each. His right leg was broken both above and below the knee, the last one a compound fracture; and the scrotum and contents were injured. He was at the hospital for over nine months and there underwent four operations. He suffered severe pain, is still suffering, and has to have medical attendance. He has been unable to work. A perfect union of the broken bones above the knee was not obtained, resulting in a shortening of three inches of the right leg and a bending outward of the thigh and leg. An extensive infection developed which still exists. The use of the leg is permanently impaired, and another operation, with uncertain results, is advised. Considering the serious nature of the injury as here briefly outlined, we cannot say that $8,000 is excessive. *Monaghan v. Northwestern F. Co.* 140 Wis. 457, 122 N. W. 1066; *Scieczinski v. Filer & Stowell Co.* 147 Wis. 533, 539, 133 N. W. 641; *Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179.

*By the Court.*—Judgment affirmed.