KIELAR, Respondent, vs. FRED MILLER BREWING COMPANY, Appellant.

*February 14—March 13, 1917.*

*Master and servant: Injury to servant: Unsafe working place: Assumption of risk: Aggravation of injury: Special verdict: Instructions to jury: Damages.*

1. Where the safe-place statute (secs. 2394—48, 2394—49, Stats.) is applicable, employees do not assume the risks arising from their employer's failure to comply therewith.

2. In an action for injuries sustained in stepping upon a rusty nail it was not error to refuse to submit to the jury a separate question as to whether the application by plaintiff of plantain leaves to his foot had caused an increase or spreading of the infection, where the court instructed the jury that it was plaintiff's duty to make his injuries as little as possible by exercising ordinary care, and if they found that he failed to exercise such ordinary care by using plantain leaves and that thereby his injuries were increased they should omit and exclude from the damages such injuries as resulted from the use of plantain leaves.

3. Where an employee thirty-three years old and earning $4 per day was injured by stepping on a rusty nail and as a result was subjected to six operations, lost two toes and a part of the foot, could not stand on his foot or use it, suffered great pain at all times, and had paid $1,136.35 for surgical attendance and hospital bills up to the time of trial, an award of $7,500 was not excessive.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action for damages for personal injuries. The complaint alleges that plaintiff was employed by the defendant as a carpenter for some years prior to August 15, 1913; that among other things it was his duty to repair ice boxes, and that on August 15, 1913, the foreman of the carpenter shop directed plaintiff and another to repair an ice box which was in several sections and to put it together in another part of the room; that each of the sections weighed about 300 pounds and that it required two men to carry them to the place designated by the foreman; that the portion of the floor of the carpenter shop over which it was necessary for plaintiff to walk was covered with numerous short boards and strips of wood from which there projected a great number of rusty nails; that said boards and nails were permitted by the defendant to remain on said portion of the floor for many days, by reason of which the floor was in an unsafe and dangerous condition; that while carrying a section of the ice box from one place to another plaintiff was obliged to lean his head to one side in such a manner that his view of the floor was ob-

structed, as a result of which he stepped upon a rusty nail and sustained a severe injury to his left foot.   The complaint then charged the defendant with negligence by reason of its failure to keep the floor in a safe condition and alleged that such negligence was the proximate cause of plaintiff's injury. The answer put in issue all the material allegations of the complaint and alleged that the injury was wholly caused by plaintiff's own negligence.

By its answers to questions submitted on a special verdict the jury found (1) that at the time of the injury the place where plaintiff was injured was not as free from danger to employees as the nature of the employment would reasonably permit; (2) that the fact that said place was not as free from danger to employees as the nature of the employment would reasonably permit was the proximate cause of plaintiff's injury; (3) that no want of ordinary care on the part of the plaintiff proximately contributed to produce his injury; (4) that plaintiff did not assume the risk of injury; and (5) that $7,500 would reasonably compensate plaintiff for the injuries sustained.

From a judgment entered in accordance with such verdict defendant appeals.

For the appellant there were briefs by *Doe, Ballhorn & Doe* of Milwaukee, and oral argument by *Joseph B. Doe.*

For the respondent there was a brief by *Churchill, Bennett & Churchill* and *F. X. Swietlik,* all of Milwaukee, and oral argument by *W. H. Churchill.*

ROSENBERRY, J.   The defendant strenuously urges that "the evidence clearly shows that the danger of stepping on nails in this particular shop was incident to the service which plaintiff was performing; that he knew and appreciated the danger; that he knew the floor had boards or strips on it; and that such boards and strips usually had nails in them; that old boards and strips were around and that nails

were always left in them, and that in the particular place over which he walked several times without injury there were old strips, presumably with nails in them, which had been there three weeks to his knowledge," and that upon such facts it must be held that plaintiff assumed the risk as a matter of law, citing a large number of cases, beginning with *Paule v. Florence M. Co.* 80 Wis. 350, 50 N. W. 189, and ending with *Massy v. Milwaukee E. R. & L. Co.* 143 Wis. 220, 126 N. W. 544.

It may be admitted that upon the facts shown by the undisputed evidence in this case and under authorities cited the plaintiff assumed the risk. But from that it does not necessarily follow that under the law as it stands today plaintiff assumed the risk. Since the last of these cases was decided the so-called safe-place statute has been enacted (secs. 2394—48 and 2394—49, Stats. 1915). If the enactment of this statute casts upon the employer no greater burden than theretofore existed in respect to furnishing a safe place for his employees to work, then the doctrine of assumption of risk as set out in *Paule v. Florence M. Co., supra,* and other cases cited, might apply.

The employer in this case had elected to come under the Workmen's Compensation Act. The accident occurred August 15, 1913, and at that time the plaintiff, the employee, had not elected to come under the act; so that by the terms of the law as it stood at the time of the happening of the accident the defenses of assumption of risk, negligence of a fellow-servant, and contributory negligence were available to the defendant. However, the defendant was not excepted from the provisions of secs. 2394—48 and 2394—49, Stats., and therefore the rights of the parties must be determined with reference to the safe-place statute. In *Rosholt v. Worden-Allen Co.* 155 Wis. 168, 144 N. W. 650, this court held that the duty imposed by the safe-place statute is as mandatory and as absolute as that imposed by ch. 396 of the Laws

of 1911 (sec. 1636*jj*, Stats. 1913). In *Janiak v. Milwau-
kee Western F. Co.* 156 Wis. 544, 146 N. W. 788, it was
held that sec. 1636*jj*, Stats., abolished assumption of risk in
cases where it is applicable. In *Besnys v. Herman Zohrlaut
L. Co.* 157 Wis. 203, 213, 214, 147 N. W. 37, this court,
having under consideration secs. 2394—48 and 2394—49,
speaking of the facts of that case, said:

"Was the danger and hazard to which the plaintiff was sub-
jected at the time of the injury one created by him through
his negligent acts, or was the danger and hazard one in-
cident to the method and process of conducting this busi-
ness? In answering this question the purpose of the enact-
ments must be consulted. It is manifest from their context
that the legislature intended that employers should be liable
for all injuries resulting to employees from unsafety in em-
ployment as regards to places, safety devices, and safeguards,
and to methods and processes of conducting their business.
The clear implications are that the risks and hazards of an
employment resulting from the failure of the master to com-
ply with these requirements are risks and hazards incident
to the employee's duties, though they may be of an obvious
nature. . . . We are led to the conclusion that the legis-
lative purpose expressed by these enactments is that the con-
sequent injuries from all hazards, risks, and dangers inci-
dent to the method, process, and conditions of the business
furnished, permitted, or suffered by an employer, however
obvious and open the hazards, risks, and dangers may be to
the employee, are to be borne by the employer, and shall not
defeat a recovery of damages for an injury to an employee
engaged in the line of his duty or for death resulting from
such an injury."

The jury having found that the employer had not per-
formed its statutory duty and that such failure was the prox-
imate cause of plaintiff's injuries, the risk was clearly one
not assumed by the plaintiff. To hold that an employer may
fail in the performance of the duty imposed upon him by
the statute and that an employee assumes the risk of injury
therefrom would emasculate the statute. Where the safe-

place statute applies, the employer must comply with the law, and his employees do not assume the risks arising from his failure to do so.

Upon sufficient evidence to sustain its verdict the jury found that plaintiff was not guilty of contributory negligence.

It was claimed by the defendant that some time after the injury plaintiff applied plantain leaves to his foot and thereby caused an increase or spreading of the infection already in the wound, and the defendant asked that the court submit to the jury a question embodying this claim. This the court declined to do and error is assigned thereon. In submitting the case the court carefully instructed the jury that it was the duty of the plaintiff to make his injuries as little as possible by exercising ordinary care, and if they found that plaintiff failed to exercise such ordinary care by using plantain leaves and that thereby his injuries were increased they should omit and exclude from the damages such injury as resulted from the use of plantain leaves. We think the instruction given was correct and that the refusal of the court to submit the question requested by the defendant was not error.

The jury assessed plaintiff's damages at $7,500. It is claimed they are excessive. It appears that plaintiff had expended $1,136.35 for surgical attendance and hospital bills up to the time of the trial; he was thirty-three years of age and was earning $4 a day at the time of the accident; he was subjected to six operations, two of his toes and part of his foot being removed; he cannot stand on his foot or use it; and he testified that he suffered great pain at all times. Under these circumstances we cannot say that the verdict is excessive.

*By the Court.*—Judgment affirmed.