BECK, Appellant, vs. SIEMERS, Respondent.

*May 6—May 31, 1921.*

*Master and servant: Injury to domestic servant: Unguarded ma-
chinery: Safe place to work: Assumption of risk: Contribu-
tory negligence: Evidence: Sufficiency.*

1. In an action by a servant for personal injuries it is not a de-
   fense that the employee assumed the risk of the employment,
   where the relation of the parties was such that it was the
   duty of the defendant, under sec. 2394—48, Stats., to furnish
   the plaintiff a safe place to work, where plaintiff was not
   engaged in labor upon defendant's farm but in private do-
   mestic service which involved the use of mechanical power
   within the meaning of sec. 2394—41; but the defense of con-
   tributory negligence remains.
2. In such case, a finding of the jury that plaintiff was guilty of
   contributory negligence is not supported by testimony which
   was only such as showed assumption of risk.
3. In such case, merely continuing in an employment and doing
   work as intended by the employer and the employee in the
   usual and ordinary manner, although the place of work is
   unsafe, does not constitute contributory negligence.

APPEAL from a judgment of the circuit court for Manito-
woc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

Action for damages for personal injuries. Trial before
a jury resulted in judgment upon a special verdict dis-
missing the complaint. Plaintiff appeals.

On February 18, 1918, the date of the accident, appellant
was engaged in the household of respondent as a domestic
servant, and had been so engaged for some two years.
Respondent was a farmer, and appellant's work consisted
of helping respondent's wife with the usual work about the
farm house, and of helping with the milking, in the garden,
and occasionally in the fields.

At the time of the accident appellant and respondent's
wife were doing the washing in the basement of the house,
as they had done many times before. From the part of

the basement in which the washing was done a doorway led into another part of the basement. As one approached this doorway there was a small gasoline engine on the left, and, at the time of the accident and for a part of each year, a boiler kettle upon a small stove on the right. The passageway leading to the door between the engine on the one side and the boiler and stove on the other was about two feet wide. On the wall above the boiler, about eighteen inches to the right of the doorway and five and one-half feet above the floor, was kept a wringer hanging on a nail. The wringer weighed about ten pounds. The only way of getting to it was by the said passageway.

The engine was used to drive a generator to furnish light for the farm, to run the washing machine, and for other purposes. It had a large fly-wheel on either side, and at the center, or hub, of the wheel towards the passageway was an arrangement of springs and weights to serve as a governor. The engine ran at a speed of about 500 revolutions per minute.

When the washing was being done the engine was almost invariably running, and appellant knew that it was running at the time of the accident. Respondent or his wife usually took entire charge of the engine; appellant had little or nothing to do with it. It was part of appellant's duty, however, to wring out the clothes, and for this purpose she customarily went through the passageway past the running engine, reached down the wringer, and returned with it. She testified that she did not remember whether she had done it before the day of the accident at a time when the boiler and stove were in position, but it seems probable from the undisputed facts that she had.

On the day of the accident appellant was directed by respondent's wife to get the wringer and start that part of the work. She went to it as usual, lifted it off the nail, and was turning back when her clothes caught in the fly-wheel

or governor of the engine and she was thrown to the floor receiving serious injuries. Appellant testified that she did not look at the engine as she went past it or as she reached for the wringer, although she knew it was running; she looked only at the wringer; that she gave no thought to any danger of the engine injuring her; and that as she turned after having reached down the wringer, at the time she was thrown, she turned to the right facing the boiler. There was no fire in the stove under the boiler. The basement was well lighted.

The jury by their verdict found that the place of employment was not as safe as the nature of the employment and use of the engine reasonably permitted; that it was reasonably practicable to have provided such safety devices as would have been reasonably adequate to render the place safe; that the failure to provide such devices was the proximate cause of the injury; by the sixth question, in effect, that there was contributory negligence; and that the damages were $4,060.

Appellant made the usual motions, and excepted to a portion of the charge of the court upon contributory negligence upon the ground that the question of assumption of risk as distinguished from contributory negligence was not called to the attention of the jury. Appellant's motions were denied, and judgment was entered upon the verdict in favor of respondent dismissing the complaint, with costs.

For the appellant there was a brief by *Bowler & Bowler* of Sheboygan and *A. L. Hougen* of Manitowoc, and oral argument by *T. M. Bowler*.

For the respondent there was a brief by *Nash, Nash & Ledvina* of Manitowoc, and oral argument by *E. G. Nash*.

JONES, J. It is conceded that the relations of the parties were such that it was the duty of defendants to furnish the plaintiff a safe place to work and to furnish such safety

devices and safeguards as are provided by sec. 2394—48, Stats. It is also conceded that the plaintiff was not engaged in farm labor, but was engaged in private domestic service which involved the use of mechanical power within the meaning of sec. 2394—41. It follows from this that under the statute first above cited it was no defense that the employee may have assumed the risk of the employment. It is too well settled to require discussion that although the statute in such cases deprives the employer of the defense of assumption of risk, that of contributory negligence remains. *Puza v. C. Hennecke Co.* 158 Wis. 482, 149 N. W. 223; *Fandek v. Barnett & Record Co.* 161 Wis. 55, 150 N. W. 537.

It is established by the undisputed testimony and the verdict that the place of employment was not reasonably safe; that it was practicable for defendant to use such safety devices as to render the place of employment safe without preventing the practical operation of the machine; that such safety devices were not provided, and that the failure to provide them was the proximate cause of the injury. These are issues which are usually warmly contested in cases of this character, but in their absence the only questions before us are whether the issue of contributory negligence was properly submitted on instructions to the jury, and whether there was any evidence to sustain the verdict of the jury as to contributory negligence.

It is strongly urged by respondent's counsel that contributory negligence was shown by the testimony of the plaintiff to the effect that she was not looking at the wheel and was only looking at the wringer when the accident happened. It is claimed that if she had gathered her skirts in her hands and looked more carefully the accident would not have happened.

In considering these arguments certain other facts are to be borne in mind. Unlike some other cases under these

statutes where contributory negligence has been discussed, the plaintiff can be charged with no negligence in creating the conditions under which she worked. Her employers alone were responsible for those conditions. She had not been warned of any danger. It is argued that the danger was perfectly obvious and that ordinary care required her to take notice of it. But she and her mistress had often done the same work, and, so far as the testimony shows, in the same manner, without any resulting injury of which she had knowledge.

The injury was closely connected with the act of reaching for and taking down the wringer, when most of the time her gaze was in a different direction from the engine. In obeying the directions of her mistress she was required to pass near the engine, a dangerous machine when unguarded, and yet the testimony shows that she was unaware of the danger in doing her work in the manner she did. A brother of defendant testified that the fly-wheel, running at 500 revolutions per minute, would create considerable suction, and that if a woman of the size of plaintiff stood between the fly-wheel and the kettle there would be some danger of her skirts being drawn into the fly-wheel by the suction, depending on how she stood.

The defendant's wife testified that the first summer they had the engine she walked so close to it that she was drawn close in and it caught her, but she grabbed her skirts loose; that she told her husband of it. It does not appear that plaintiff had been informed of this fact or of any other which would tend to put her on her guard. In this tendency of the machine was a hidden danger not likely to be appreciated by one unacquainted with machinery and not understood by plaintiff, and it is not at all unlikely that it was the cause of the injury.

We are convinced by the testimony that plaintiff was doing her work in the usual and customary manner, under the

direction of her employer, and in a place where there were dangers known to her employer but of which she was wholly ignorant. In order to establish contributory negligence the burden of proof was upon the defendant. After giving careful attention to the evidence and to the able decision of the trial court, we feel obliged to differ from him and to hold that the burden has not been met, and that there was no evidence on which to base the answer of the jury to question 6 finding that the plaintiff was guilty of contributory negligence. The testimony relied upon on that issue was only such evidence as showed assumption of risk, which was not a defense. We come to this conclusion less reluctantly because in the instructions there was nothing to inform the jury that continuing to work in proximity to a dangerous machine was not of itself contributory negligence.

In the case of *Puza v. C. Hennecke Co.* 158 Wis. 482, 149 N. W. 223, Mr. Justice TIMLIN said:

"It is quite safe to say that an intended and continued use of a known defective appliance or a known unsafe place by the employee in substantially the same way as the employer instructed or intended it should be used, falls under the definition of assumption of risk as expressed in this statute and is not to be considered contributory negligence."

If the action had been brought before the enactment of the statutes above cited it would have been a proper question for the consideration of the jury whether plaintiff had assumed the risk. Although the defense has been abolished, and although it is no longer necessary to submit to the jury the question of assumption of risk, it would seem best in cases of this character to instruct the jury that merely continuing in an employment and doing work as intended by the employer and the employee in the usual and ordinary manner, although the place of work or appliance is unsafe, does not constitute contributory negligence. In view of the facts in this case, if such an instruction had been given it is quite probable that the answer of the jury to question 6

might have been different.    But no such instruction was requested and we do not base our decision on that ground.

*By the Court.*—The judgment is reversed, and the cause is remanded with directions that the answer to question 6 be changed from Yes to No and that judgment be entered for the plaintiff for the amount of damages assessed by the jury.