KELENIC, Respondent, vs. BERNDT, Appellant.

*November 13—December 9, 1924.*

*Landlord and tenant: Apartment houses: Designed for more than four families: Duty of landlord to light halls and stairways: Injury to tenant: Assumption of risk: Contributory negligence: Temporary vacancies in building.*

1. Under the rules of the industrial commission, a building of the character of that in which plaintiff's husband, a tenant, was killed by falling down an unlighted stairway, was required to have the stairways lighted between stated hours.  The duty thus imposed on the defendant landlord was a statutory one, to which assumption of risk was no defense; and the use by the deceased of the unlighted stairway was assumption of risk as distinguished from contributory negligence.  p. 242.
2. The tenant's use of the unlighted stairway was not contributory negligence, it being no indication of recklessness to use an unlighted stairway.  p. 242.
3. The fact that part of a building which is intended to accommodate more than four families is temporarily vacant does not excuse the landlord from lighting the stairways, as required by the rules of the industrial commission.  p. 242.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge.  *Affirmed.*

Personal injury.  On September 24, 1922, the plaintiff was living with her husband at 3008 Canal street in an apartment house owned by the defendant.  On the night of that day the deceased Kelenic left the apartment occupied

Kelenic v. Berndt, 185 Wis. 240.

by him in the upper part of the building, passed to the outside of and to the rear of the building, where he attempted to descend a stairway leading to the basement. There were no eye-witnesses to the accident, but he apparently fell, and some time later was found at the foot of the stairs with a fractured skull and other injuries, from which he died.

This action was begun to recover damages on the ground that the premises were defective and that the defendant had not complied with the provisions of sec. 101.01, Stats. The case was submitted to a jury, and the jury found that reasonable safety to persons using the stairway requires providing (a) a stair railing; (b) a landing at the stair-head; (c) the placing of lighting facilities at the stair-head; that the failure to provide these safety devices was the proximate cause of the death of the deceased; that deceased attempted to go down the stairs without a light, and that in doing so he did not use ordinary care, and that failure to use a light proximately contributed to produce the death; and assessed the damages at $2,000. Upon motions after verdict the trial court changed the answer to the question, "Did the failure of the deceased to use a light proximately contribute to produce the death?" and upon the verdict so amended granted plaintiff's motion for judgment, from which the defendant appeals.

For the appellant there was a brief by *Otto A. Lemke* and *M. H. Sell*, both of Milwaukee, and oral argument by *Mr. Sell*.

*Joseph G. Hirschberg* of Milwaukee, for the respondent.

ROSENBERRY, J. It appears without dispute that under the rules of the industrial commission a building that accommodates more than four families must be illuminated from one hour after sunset to one hour before sunrise, in the public passageways and stairways, and that there shall be a light at the head and foot of every stairway. The trial court correctly held that the duty thus imposed upon

the defendant landlord was a statutory one, to which assumption of risk was not a defense, and that under the doctrine of *Beck v. Siemers,* 174 Wis. 437, 183 N. W. 157, the use by the deceased of the unlighted stairway was assumption of risk as distinguished from contributory negligence. The deceased was not required to make good the landlord's failure to perform his duty and his failure to do so was not contributory negligence. It is no indication of recklessness to use an unlighted stairway. *Besnys v. Herman Zohrlaut L. Co.* 157 Wis. 203, 147 N. W. 37; *Kielar v. Fred Miller B. Co.* 165 Wis. 237, 161 N. W. 739. See, also, discussion in *Fandek v. Barnett & Record Co.* 161 Wis. 55, 150 N. W. 537, where the authorities are collected.

There is some dispute as to whether or not the building was occupied by more than four families at the time of the occurrence of the accident. The defendant himself testified that the building accommodated five families and one apartment was vacant. It also appears that there were four families and in addition to that some single men actually occupying the building at the time of the accident. If a building is intended to accommodate more than four families, the mere fact that one part of it may be temporarily vacant does not make the rule of the industrial commission inapplicable.

*By the Court.*—Judgment affirmed.