SCORY, guardian *ad litem,* Appellant, vs. LAFAVE and others, Respondents.

*March 7—April 3, 1934.*

22

For the appellant there was a brief by *Clifford & Dilweg* of Green Bay, and oral argument by *La Verne R. Dilweg*.

For the respondents LaFave 'and Autoist Mutual Insurance Company there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Walter T. Bie*.

For the respondent Swanson there was a brief by *Kaftan, Rahr & Kaftan* of Green Bay, and oral argument by *Robert A. Kaftan*.

FRITZ, J.   Laverne Scory (who was twenty years of age in 1932, and will hereinafter be called the plaintiff) was injured at about 8 p. m. on April 8, 1932, when she was struck by a south-bound automobile, operated by the defendant Russell Swanson, while she was standing on the west shoulder of the highway, near the left rear side of an automobile, which had been left there, facing north, by the defendant, Mrs. Blanche LaFave.   At the time of the accident plaintiff was about to either enter or help move Mrs. LaFave's automobile so as to continue to ride therein as a guest.   Shortly prior thereto Mrs. LaFave had either voluntarily parked her automobile at that place, or had left it there because it became stalled in mud, and had walked with plaintiff to a near-by farmhouse to call for Mrs. Bessie Blohn to ride with them.   At that place the highway coming from the south curved somewhat to the northeast, and continued in that direction without any curve for nine hundred and twenty-five feet to another curve.   The traveled portion of the highway

was concreted to a width of sixteen feet and on each side thereof there was a dirt shoulder, which joined the lawn of the farm at the place where Mrs. LaFave left her automobile. When Mrs. LaFave, accompanied by plaintiff and Mrs. Blohn, returned to her automobile, she got into the driver's seat and turned up the lights, which had been left lit, but turned down, while calling for Mrs. Blohn. The defendant Swanson, approaching at forty miles per hour, had just turned southwestward on the curve, which was nine hundred and twenty-five feet to the northeast of Mrs. LaFave's automobile, when he noticed her turn up the lights; and she likewise saw his automobile as it approached. Plaintiff had walked to the rear left side of Mrs. LaFave's automobile before Swanson had made the turn at the curve, which brought his automobile into view, and from her position, as she stood there waiting for Mrs. LaFave to start her automobile, she did not see Swanson approaching. Meanwhile Mrs. Blohn had walked to the right side of Mrs. LaFave's automobile, where she could see Swanson approaching. As Swanson approached to within one hundred and fifty feet from Mrs. LaFave's automobile he became blinded by the lights thereof, and because of water on the highway at that point, he could not see the edge of the concrete. Nevertheless, he continued to travel those one hundred and fifty feet without reducing his speed from forty miles per hour, and failed to turn to his left with the curve in the highway immediately to the northeast of Mrs. LaFave's automobile. Instead, he ran off the westerly side of the concrete and headed for Mrs. LaFave's automobile. As soon as Mrs. LaFave and Mrs. Blohn saw that Swanson's automobile was not turning with the curve, they yelled. Immediately Mrs. Blohn ran to the rear of Mrs. LaFave's automobile, and Mrs. LaFave quickly jumped out on the left side and also ran to the rear thereof. She tried to pull plaintiff out of the way of Swanson's approaching

automobile, but plaintiff was so startled and frightened that Mrs. LaFave could not save her from being struck by Swanson's automobile.

The jury, in a special verdict, found that Mrs. LaFave intentionally parked her automobile facing the curve, on the left side of the highway, and that she was negligent in that respect; that she was also negligent in turning on the bright lights while her automobile was in that position, and that thereby she increased the danger or added a new danger to plaintiff; and that her negligence in each of those respects was a proximate cause of the accident. Likewise the jury found that Swanson was negligent in respect to the speed at which he operated his automobile after being blinded by the lights of Mrs. LaFave's automobile; and that such negligence on his part was a proximate cause of the collision. On the other hand, the jury found that plaintiff was not negligent with respect to her own safety when she approached the LaFave automobile to re-enter it while it was on the left side of the highway.

On motions by the defendants for judgment notwithstanding the verdict, the court held that plaintiff either was guilty of contributory negligence or that she assumed the risk, and that therefore she was not entitled to recover from any of the defendants. A review of the record discloses that the evidence warranted the findings of the jury in all respects, including that plaintiff was not guilty of contributory negligence. However, it must be noted that the issue of whether plaintiff assumed the risk of Mrs. LaFave's negligent acts was not submitted to the jury.

As Mrs. LaFave intentionally parked her automobile on the left side of the highway, which was in violation of sec. 85.19 (2), (9), Stats., she was negligent, as a matter of law, in that respect. On the other hand, it is undisputed that plaintiff knew that the automobile was parked on the wrong side; that it should not be parked there; and that she

voluntarily stepped alongside of it either to help move or to re-enter it in order to continue riding therein as a guest of Mrs. LaFave. Under those circumstances, in respect to that unlawful parking, the evidence established conclusively that there were present, (1) a hazard or danger inconsistent with the safety of a guest; (2) knowledge and appreciation of the hazard by plaintiff; and (3) acquiescence or a willingness on her part to proceed in the face of the danger. Consequently plaintiff assumed the risk of that unlawful parking, and cannot recover from her host, Mrs. LaFave, for her negligence in that respect. *Knipfer v. Shaw*, 210 Wis. 617, 621, 246 N. W. 328, 247 N. W. 320; *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 249 N. W. 278; *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721.

Whether, under the evidence, the court was warranted in holding, without having the jury find to that effect, that plaintiff also assumed the risk because of Mrs. LaFave's negligence in turning on the bright lights while facing a curve on the left side of the highway, is debatable. Although plaintiff knew that the lights had been left lit when the automobile was parked, there is evidence that the lights were dim when she and Mrs. LaFave left the automobile, and that she did not notice Mrs. LaFave turn up the lights when they returned to it. However, it is immaterial under the law applicable to the facts of this case, whether plaintiff did or did not assume the risk of an increase in danger as the result of Mrs. LaFave's negligence in turning up the lights.

Swanson was not misled merely because he was blinded by Mrs. LaFave's bright lights after he came within one hundred and fifty feet thereof. On the contrary, because the lights faced him, he thought an automobile was coming toward him, and that caused him to keep to the right of it. He would have done the same if the lights had been left

dim or turned down. He probably would not have been thus misled if the automobile had not been parked on the wrong side of the road, and whether incidentally the lights thereon were bright or dim was of no controlling significance. Likewise, it is probable that if Mrs. LaFave's automobile had been on the right side of the road, the mere turning up of the lights would not have caused the accident. Consequently the injury to plaintiff, which followed the combination of her host's negligent acts, was primarily caused rather by the latter's antecedent negligence in parking than by the subsequent turning up of the lights. Under the circumstances, as Mrs. LaFave's negligence in the latter respect cannot well be separated from her prior negligence in parking, which actually created the dangerous situation assumed by plaintiff, she is also deemed, in law, to have assumed the risk involved in that situation by reason of her host's negligence in incidentally increasing the danger by turning up the lights. *Young v. Nunn, Bush & Weldon Shoe Co., supra; Walker v. Kroger Grocery & Baking Co., supra.* It follows that, as to Mrs. LaFave, plaintiff's right to recover from her is defeated by her assumption of the risk regardless of whether plaintiff was or was not also guilty of contributory negligence in approaching Mrs. LaFave's automobile while it was parked on the left side of the highway.

Although there is some confusion and conflict in the authorities (see 18 R. C. L. p. 673, § 165; notes in 49 L. R. A. 49–62; 21 L. R. A. [N. S.] 138–145), this court, as well as the courts in many other jurisdictions, has held that assumption of risk and contributory negligence are distinct and different defenses. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Campshure v. Standard Mfg. Co.* 137 Wis. 155, 158, 118 N. W. 633; *Knauer v. Joseph Schlitz Brewing Co.* 159 Wis. 7, 10, 149 N. W. 494; *Graber v. Duluth, S. S. & A. R. Co.* 159 Wis. 414, 422, 150

N. W. 489; *Fandek v. Barnett & Record Co.* 161 Wis. 55, 64, 150 N. W. 537; *Beck v. Siemers,* 174 Wis. 437, 440, 183 N. W. 157; *Kelenic v. Berndt,* 185 Wis. 240, 201 N. W. 250.   In *Fandek v. Barnett & Record Co., supra* (which was an action by an employee to recover for injuries caused by his employer's negligence), this court said:

"If plaintiff serves under hazards incident to the employment no greater than those which ordinarily careful and prudent men usually serve under, then injury from such hazard alone is through assumption of risk and not through contributory negligence.   But if plaintiff knowingly or ignorantly through a want of ordinary care serves under a risk that an ordinarily careful and prudent man similarly situated would not usually serve under, then such conduct is contributory negligence and not assumption of risk. In other words, the assuming of such risks as ordinarily careful and prudent men similarly situated usually assume is within the field of assumption of risk whether assumed knowingly or ignorantly.   But the assuming of such risks as are more hazardous than those which ordinarily careful and prudent men similarly situated usually assume constitutes contributory negligence.   .   .   .

"Since ordinarily careful and prudent men usually serve under ordinary risks, it follows that in order to constitute contributory negligence the risk voluntarily served under must be more or less imminent or grave in its nature.   It must be a hazard that suggests danger to such an extent that a person of ordinary care would not usually serve under it."   ·

In the case at bar, even though the hazards which plaintiff assumed in undertaking to help move or to re-enter the LaFave automobile, while it was unlawfully parked, were obvious, if they were no greater than ordinarily careful and prudent persons usually assume under similar circumstances, then plaintiff's conduct was merely within the field of assumption of risk and did not constitute contributory negligence.   But the court could only hold plaintiff guilty of such contributory negligence, as a matter of law, and

set aside the jury's finding to the contrary, if the evidence had established, without room for reasonably finding to the contrary, that the hazard assumed by plaintiff was more dangerous than ordinarily careful and prudent persons would assume under similar circumstances. In regard to that issue it must be noted, at the outset, that although plaintiff knew that the automobile was parked on the left side of the road and that it was dangerous to park it there, neither Mrs. LaFave's conduct nor her automobile was under plaintiff's control. Plaintiff was not required to perform Mrs. LaFave's duty, and consequently plaintiff's failure to do so was not contributory negligence. *Kelenic v. Berndt*, 185 Wis. 240, 242, 201 N. W. 250. Although the statute prohibited parking on the left side, it did not prohibit entering or removing an automobile so parked, and it was not negligence, as a matter of law, to do so. Furthermore, when plaintiff returned with Mrs. Blohn and Mrs. LaFave to re-enter the latter's automobile, there was no automobile coming from the north within sight. While Mrs. LaFave was getting into the driver's seat, Mrs. Blohn went around to the right side of the automobile, and plaintiff walked up to the left rear side of it. While she was there, Mrs. LaFave and Mrs. Blohn yelled that a car was coming fast. Mrs. LaFave jumped out of the seat and tried to pull plaintiff out of the way of Swanson's approaching automobile. Plaintiff got only a glance of Swanson's automobile before she was struck by the bumper thereof. As it is undisputed that Mrs. LaFave could not see that Swanson's automobile was approaching until after she was seated and had turned up her lights, and also that Swanson had not turned the corner nine hundred and twenty-five feet away so as to come into sight until just after Mrs. LaFave's lights were turned up, it follows that Swanson's automobile undoubtedly could not be seen from where Mrs. LaFave's automobile was parked until after plaintiff was at the left rear side

of Mrs. LaFave's automobile. Then Mrs. LaFave's automobile was between plaintiff and Swanson's automobile, and interfered with plaintiff's seeing that Swanson was approaching. Whether plaintiff was negligent under those circumstances was clearly an issue for the jury and its finding thereon should have been permitted to stand. It was error for the court to decide that issue to the contrary.

As there existed no contractual or social relationship between plaintiff and the defendant Swanson, in so far as they are concerned, the distinction between the defense of assumption of risk and of contributory negligence is of controlling significance, in view of the fact that, although plaintiff assumed the risk of Mrs. LaFave's negligent parking, she was not, by reason thereof, necessarily guilty of contributory negligence. Although assumption of risk constitutes a defense in an action to recover for common-law negligence from a person who was in some such contractual relationship as master and servant (*Hencke v. Ellis,* 110 Wis. 532, 86 N. W. 171; *Knauer v. Joseph Schlitz Brewing Co., supra*), or carrier and passenger for hire (*United Ry. & El. Co. v. Riley,* 109 Md. 327, 71 Atl. 970; *Parks v. St. Louis & S. R. Co.* 178 Mo. 108, 77 S. W. 70; *Tinkle v. St. Louis & S. F. R. Co.* 212 Mo. 445, 110 S. W. 1086; *Fillingham v. St. Louis Transit Co.* 102 Mo. App. 573, 77 S. W. 314); or in some such a social relationship as host and guest (*Sommerfield v. Flury,* 198 Wis. 163, 168, 223 N. W. 408; *Biersach v. Wechselberg,* 206 Wis. 113, 118, 238 N. W. 905; *Cameron v. Union Automobile Ins. Co.* 210 Wis. 659, 246 N. W. 420, 247 N. W. 453; *Young v. Nunn, Bush & Weldon Shoe Co., supra*), this court has held that assumption of risk, in the absence of contributory negligence, does not constitute a defense in an action to recover from a stranger to some such relationship. *Knauer v. Joseph Schlitz Brewing Co., supra; Jacoby v. Chicago, M. & St. P. R. Co.* 165 Wis. 610, 622, 161 N. W. 751,

164 N. W. 88; *Conrad v. Springfield R. Co.* 240 Ill. 12, 17,
88 N. E. 180, 182, 130 Am. St. Rep. 251; *Shoninger Co.
v. Mann,* 219 Ill. 242, 76 N. E. 354; *Chicago & E. I. R.
Co. v. Randolph,* 199 Ill. 126, 65 N. E. 142, 144; *Young
v. New York C. R. Co.* 30 Barb. (N. Y.) 229, are to the
same effect. But the distinction was not recognized in *Wood
v. Locke,* 147 Mass. 604, 18 N. E. 578; *Miner v. Con-
necticut River R. Co.* 153 Mass. 398, 26 N. E. 994; *Warren
v. Boston & M. R. Co.* 163 Mass. 484, 40 N. E. 895;
*Indiana Natural Gas & Oil Co. v. O'Brien,* 160 Ind. 266,
65 N. E. 918, 66 N. E. 742; *Morris v. Brown,* 111 N. Y.
318, 18 N. E. 722.

However, under that rule, as adopted in *Knauer v. Joseph
Schlitz Brewing Co., supra,* the mere assumption by plaintiff
of the risk due to her host's negligence does not bar her
from recovering for the negligence of other users of the
highway, such as Swanson, unless plaintiff assumed that
risk under such circumstances that she was guilty of con-
tributory negligence in doing so, or was chargeable with
Mrs. LaFave's negligence because she co-operated in the
latter's conduct under such circumstances that it was im-
putable to her, as in *Knipfer v. Shaw, supra,* or because
plaintiff had the ability to control Mrs. LaFave's conduct
and had the opportunity to do so, but failed to utilize it.
The mere fact that the host's negligence may have operated
as a cause of the collision is not sufficient. The statement
to that effect in *Wiese v. Polzer,* 212 Wis. 337, 248 N. W.
113, 116, in qualification of the rule as originally stated in
*Cameron v. Union Automobile Ins. Co.* (before it was re-
stated as reported in 210 Wis. 659, 666, 246 N. W. 420,
423), was modified in *Colby Cheese Box Co. v. Dallen-
dorfer,* 213 Wis. 331, 251 N. W. 447, 449, as follows:

"For future guidance, we may remark that the principle
above stated perhaps finds a more scientific and definite

expression in section 31, page 58, of Tentative Draft No. 10 of Restatement of the Law of Torts by the American Law Institute, which is as follows: 'Failure to control negligent third person. A plaintiff is barred from recovery if the negligence of a third person is a legally contributing cause of his harm, and the plaintiff (a) has the ability to control the conduct of a third person, and (b) knows or has reason to know that he has such ability, and (c) knows or should know (i) that it is necessary to exercise his control, and (ii) that he has an opportunity to do so, and (d) fails to utilize such opportunity with reasonable care.' This statement is here set forth in the belief that it furnishes the underlying principles upon which it must be determined whether the conduct of a guest is such as to prohibit his recovery from the driver of another car which collides with the car in which he is riding."

That statement, with an addition providing for one other contingency, is in accord with the holding in *Bennett v. Nebel,* 199 Wis. 334, 337, 226 N. W. 395, that the negligence of the driver cannot be imputed to a passenger who is seeking to recover from another user of the highway for the latter's negligence, unless the passenger exercised control over the management of the car by the driver, or in some other way co-operated in the driver's course of conduct that produced the collision and consequent injury to the passenger. As, in the case at bar, plaintiff neither exercised control, nor had the ability to control Mrs. LaFave's conduct in parking her automobile, and the latter's conduct was neither co-operated in by plaintiff, nor imputable to her, she is not barred from recovering from Swanson by reason of her assumption of the risk due to Mrs. LaFave's conduct. On the other hand, as the evidence admitted of the jury's finding that plaintiff was not guilty of contributory negligence, and it was error for the court to hold to the contrary, in disregard of that finding, it follows that plaintiff was entitled to recover from Swanson on the verdict the

damages assessed by the jury. In so far as the judgment is to the contrary, it must be reversed.

*By the Court.*—Judgment affirmed as to the defendants Blanche LaFave and Autoist Mutual Insurance Company; and reversed as to the defendant Russell Swanson, with directions to enter judgment for plaintiff's recovery of the damages assessed by the jury from Russell Swanson.

The following opinion was filed May 7, 1934:

FOWLER, J. (*concurring*). While I concur in the result reached in this case, I have grave doubts of the correctness of some of the statements of the opinion of the court relating to the distinction between assumption of risk and contributory negligence in automobile collision cases involving the host-guest relation. I fear it was a mistake which we may ultimately have to correct to introduce into the law of such cases the idea of assumption of risk as that phrase was used at the common law ·in negligence cases between master and servant. The bases of the two defenses of contributory negligence and assumption of risk in such cases are entirely distinct. Assumption of risk is considered to be a matter of contract, express or implied. Contributory negligence is a matter of conduct. In the ordinary case, the distinction between the two is plain. However, cases exist wherein assumption of risk shades into and even merges into negligence. Assumption of risk is not dependent on the probability or improbability, or the imminence or remoteness of danger. Where it exists it constitutes a defense whether in assuming the risk the servant exercised ordinary care or not. If the danger assumed was so imminent and apparent that a person of ordinary care and prudence would not assume it, the assumption of it amounts to and in fact is contributory negligence. The difference between the two is thus often a matter of degree rather than kind. These

distinctions are pointed out in the cases cited in the note in
21 L. R. A. (N. S.) pp. 138, 139, cited in the opinion of
the court, and are illustrated in the case of *Knauer v. Joseph
Schlitz Brewing Co.* 159 Wis. 7, 149 N. W. 494, referred
to in the opinion of the court. That was a case of assump-
tion of risk by a servant who was struck by a car while
working in a yard where cars were habitually shunted with-
out warning. The servant.was held to have assumed the
risk of the practice. He had inquired whether a car was
coming before entering upon the car track, and was told that
none was approaching. It is said in the opinion, page 14,
that had he not taken precautions before entering upon the
track "he would clearly have been guilty of contributory
negligence." It is also said, page 12: "It is not difficult to
see that the two (assumption of risk and contributory negli-
gence) may coexist, as between employer and employee, and
absence of one and presence of the other may also coexist."
It is also said, page 11, that assumption of risk only arises
as an incident to contractual relations. The host-guest rela-
tion does not rest on any contract, either express or implied.
It is a mere social relation. The basis or the assumed basis
of the assumption of risk doctrine in master and servant
cases is entirely wanting. Thus it was perhaps illogical to
apply the doctrine in host and guest cases. Quite likely the
better way to have handled the matter would have been to
hold that when the guest enters or voluntarily remains in
the automobile of his host. under circumstances such that
a person of ordinary care and prudence would not have done
so, he is guilty of contributory negligence, and to say noth-
ing about assumption of risk. The ultimate fact in such
cases is that the guest is guilty of negligence in assuming
the risk of harm or he is not so guilty. But if we do
apply the doctrine we should be governed by the rules that
applied to the doctrine in master and servant cases. If the
risk of the danger assumed is so apparent that a person

of ordinary care and prudence would not assume it, then the conduct of the guest in assuming it amounts to and is a want of ordinary care; and if a collision results from the conduct of the host of which the guest assumes the risk, then the guest contributes,—not to the collision,—but to his own injuries, and is guilty of contributory negligence.

· Applying this to the instant case, if Miss Scory in taking her position beside the automobile exercised ordinary care in so doing—that is, if a person of ordinary care and prudence under the circumstances would have taken a position beside the parked automobile, she was not guilty of contributory negligence. On the other hand, if a person of ordinary care and prudence would not have taken such position or ought to have foreseen that injury to him was likely to result from taking such position, she was guilty of contributory negligence. In the latter case her contributory negligence would have been subject to comparison with that of Mr. Swanson under our comparative negligence statute.

It is stated in *Biersach v. Wechselberg,* 206 Wis. 113, 118, 238 N. W. 905, that what was said about assumption of risk and contributory negligence in the *Knauer Case, supra,* was to some extent departed from in *Fandek v. Barnett & Record Co.* 161 Wis. 55, 150 N. W. 537. I do not perceive any departure, but if there was any, it does not alter the undisputable fact that the basis of the assumption of risk doctrine in master and servant cases was the contractual relation between master and servant; nor does it alter the fact of the frequent coexistence of assumption of risk and contributory negligence under the same state of facts, or the fact that there are numerous decisions to the effect that the one may be present and the other absent under a given state of facts.

It has been stated by many courts that assumption of risk and contributory negligence are the same. While this state-

ment has been properly criticized as incorrect, it is not necessarily incorrect to say that assumption of risk is a form of contributory negligence. It is not illogical to conclude that assumption of risk is always contributory negligence because, as stated in the opinion by Mr. Justice HOLMES in *Schlemmer v. Buffalo, R. & P. Co.* 205 U. S. 1, 12, 27 Sup. Ct. 407, 409, . . . "the practical difference of the two ideas is in the degree of their proximity to the particular harm. The preliminary conduct of getting into the dangerous employment or relation is said to be accompanied by assumption of the risk. The act more immediately leading to a specific accident is called negligent. But the difference between the two is one of degree rather than of kind." It would not be unreasonable to say that the "preliminary conduct of getting into a dangerous employment" is contributory negligence. If following a practice is so dangerous as to constitute common-law negligence of the employer, it requires no great stretch of reason to conclude that an employee who voluntarily and knowingly submits himself to the danger of that practice is also negligent under the common law. In this view assumption of risk would always be contributory negligence, although there might well be contributory negligence in addition to assumption of risk in a given case. It would seem that assumption of risk must be held to be a form of contributory negligence in order to justify our ruling in *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721, wherein we held that the negligence of guests, whose only negligence was that they had assumed the risk of the negligent manner in which their host was driving the car in which they were riding, was to be compared with the negligence of the driver of a truck with which the car in which they were riding collided. If assumption of risk is not contributory negligence, under our comparative negligence statute, the conduct of one who assumes a risk is not to be compared to the conduct of one

from whom he is claiming recovery on the ground of negligence. If the conduct of a guest is contributory negligence as to the third party, the same conduct is contributory negligence as to his host. The conduct is contributory negligence as to both because the guest has voluntarily subjected himself to a risk of harm to himself to which an ordinarily careful and prudent person would not subject himself.

The opinion of the court herein quotes with seeming approval from *Colby Cheese Box Co. v. Dallendorfer,* 213 Wis. 331, 251 N. W. 447, 449, which assumes that a statement in Tentative Draft No. 10 of Restatement of the Law of Torts is a correct definition of contributory negligence, and that one is not contributorily negligent except under the conditions there stated. Under that statement Miss Scory could not have been guilty of contributory negligence as to Swanson unless she had ability to control the conduct of Mrs. LaFave. This ignores the proposition that has always obtained under the common law that one could not recover for the negligence of another if his own negligence contributed to produce his *injuries.* It must be borne in mind that contribution to the injury to the plaintiff, not contribution to the accident that caused his injury, is the only contribution that is essential to contributory negligence. Thus one who carelessly takes a position of danger is guilty of contributory negligence, although his conduct has nothing to do with the accident caused by the negligence of another in which he sustains his injuries. See *Wiese v. Polzer,* 212 Wis. 337, 345, 248 N. W. 113, and the railroad and street railroad cases there cited, wherein the plaintiff occupied a place upon the platform or steps of cars or trains that collided with obstacles. Taking the position of danger did not operate to cause the collision involved, but was nevertheless contributory negligence. I make bold to suggest that in final analysis it will be found that the statement quoted in the opinion of the court herein from the opinion in the

*Colby Cheese Box Co. Case, supra,* must be limited to cases wherein the defendant seeks recovery from the plaintiff by counter-claim on the ground of the latter's negligence. A plaintiff is not liable to the defendant (Miss Scory would not be liable to Swanson) unless the plaintiff's (Miss Scory's) conduct squared with the statement in the opinion. But a plaintiff might be barred from recovery at common law by his contributory negligence in putting himself in a position of danger, although his act in so doing had no connection whatever with causing the accident in which he sustained his injury.

It is intimated in the opinion herein that the statement made in the *Wiese Case, supra,* to the effect that the rule of assumption of risk as between host and guest does not apply as between a guest and third persons unless the negligent act of the host in which the guest acquiesces operates as a cause of the collision, is incorrect because it implies that if the host's negligent act does so operate the guest is barred from recovery against the third person for the latter's negligence. I surmise that where a guest is not so barred it is because the risk of harm he assumed was one which a person of ordinary care and prudence would have assumed under the circumstances present. In other words, in such case, the guest is not barred because he did not negligently contribute to his own injuries, rather than because his assumption of risk as against his host did not operate as an assumption of risk as against the third person. It is to be borne in mind that the thing assumed in assumption of risk by a plaintiff is risk of injury to himself, and that a plaintiff's subjecting himself unreasonably to a risk of injury has always been, and I submit always will be, contributory negligence if injury results from the act from which risk of injury has been unreasonably assumed. To my mind attempt to apply the assumption of risk doctrine in host and guest cases was entirely unnecessary. The

same result follows from applying the doctrine of contributory negligence irrespective of that of assumption of risk. We say a guest assumes the risk of injury from negligent conduct of his host to which he knowingly and voluntarily subjects himself. The host in such case is negligent because he has done something that an ordinarily careful and prudent driver would not do. If the host is negligent under a given state of facts, the guest is negligent under the same state of facts for voluntarily and knowingly subjecting himself to the dangers incident to the host's conduct, and the guest is precisely as negligent as is the host. The guest subjects himself to precisely the same danger to which the host subjects him. It follows under our comparative negligence statute that the guest's negligence is not less than that of the host and he cannot recover from the host.

This belated expression of dissent from the policy of trying to inject the assumption of risk doctrine into the law of negligence applicable to automobile accidents involving the host-guest relation is perhaps as useless as it is untimely. The opinion is filed in the fear that the court may be getting its lines crossed in the attempt to administer the comparative negligence statute, and in the hope that it may eventually aid in bringing about an application of the statute that is simple and free from inconsistencies.