MUEHLENBECK, Plaintiff, vs. FITCHETT and another, Defendants and Respondents: ROBINSON and another, Impleaded Defendants and Appellants.

*June 1—June 28, 1955.*

For the appellants there were briefs by *Heft, Brown, Stewart & Coates* of Racine, and oral argument by *Carroll R. Heft.*

For the respondents there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

GEHL, J. Appellants contend that the trial court should have held as a matter of law that plaintiff assumed the risk of the negligence of Robinson in respect to parking his automobile partly on the roadway, or in the alternative, that the verdict should have included a question inquiring whether plaintiff had assumed such risk.

The elements required to establish assumption of risk are:

"(1) A hazard or danger inconsistent with the safety of the guest; (2) knowledge and appreciation of the hazard by the guest; and (3) acquiescence or a willingness to proceed in the face of the danger." *Egan v. Wege,* 260 Wis. 118, 123, 50 N. W. (2d) 457.

The rule is stated in Restatement, 4 Torts, p. 491, sec. 893, as follows:

"A person who knows that another has created a danger or is doing a dangerous act or that the land or chattels of another are dangerous, and who nevertheless chooses to enter

upon or to remain within or permit his things to remain within the area of risk is not entitled to recover for harm unintentionally caused to him or his things by the other's conduct or by the condition of the premises, except where the other's conduct constitutes a breach of duty to him or to a third person and has created a situation in which it is reasonably necessary to undergo a risk in order to protect a right or avert a harm."

Because there is conflict in some of the testimony we may not say that the court erred in refusing to find as a matter of law that plaintiff assumed the risk. However, the jury was entitled to believe that which we cite below as supporting our view that there was evidence which would have supported a jury finding that each of these elements was present in the case.

The hazard was created when Robinson parked his car partly on the roadway and continued to exist until it was struck by the Fitchett automobile. So parked on a main highway it constituted a danger to and was inconsistent with the safety of anyone occupying it.

Plaintiff knew of and appreciated, or should have known of and appreciated, the hazard. Although her testimony was not entirely consistent, she did on at least one occasion testify that the car was parked parallel to and partly upon the roadway. She sat in the front seat of the car and, with the aid of the headlights cast upon the highway and shoulder of the road, could have observed that it was parked partly on the roadway and was invading a part of it which was intended for use by other travelers on the highway.

Plaintiff acquiesced and chose to remain within the area of risk. By her own testimony she remained in the parked automobile for fifteen or twenty minutes without suggesting to the men, if she preferred to remain seated in the car, that they move it into the private driveway nearly opposite which it had been parked.

Under these circumstances and upon this testimony a jury would have been warranted in finding that plaintiff had assumed the risk attendant upon the negligent parking of the Robinson automobile.

The rule of *Scory v. LaFave,* 215 Wis. 21, 254 N. W. 643, controls. In that case a host-driver had parked her automobile on the left side of a highway in violation of a statute. Her guest, the plaintiff, knew that the automobile was parked on the wrong side of the road. She voluntarily stepped along side of it, either to help move or to enter it. While walking or standing at the rear left side of the automobile another car approached from the direction in which she and her host had been traveling. The approaching car struck and injured the plaintiff. The court held that under these circumstances in respect to the unlawful parking by the host the evidence established conclusively that the three required elements of assumption of risk were present, and that as a matter of law, plaintiff had assumed the risk.

Counsel for Fitchett and his insurance carrier point to but one circumstance which they contend distinguishes the cases. They observe that in the *Scory Case* the evidence was undisputed that the guest knew that her host's automobile was parked on the wrong side of the highway, and that in the instant case the testimony of the plaintiff is that she thought that the Robinson car was parked off the highway. If that had been plaintiff's unequivocal testimony the distinction would be obvious and controlling. The jury would have been entitled to believe her statement made to that effect, but would also have been entitled to believe her when she testified at another time that as she sat in the Robinson car she thought that about half the car was on the pavement. The conflict in her testimony made the issue whether she appreciated the hazard one for the jury.

No attack is made upon the jury's answers to the questions submitted. There is therefore no occasion to retry the issues so determined. We conclude that the court erred in not submitting to the jury the question requested by the appellants, and that there must be a new trial of that issue alone.

*By the Court.*—Judgment reversed, cause remanded for a new trial in accordance with this opinion.