MEYER and another, Appellants, v. VAL-LO-WILL FARMS, INC., Respondent.

*October 6—October 31, 1961.*

618

For the appellants there was a brief by *Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondent there was a brief by *Moran & Richardson* of Delavan, and oral argument by *R. G. Richardson, Jr.*

FAIRCHILD, J.   Plaintiffs base their plea for reversal on three propositions: (1) Mrs. Meyer was guilty of no more than assumption of risk, which is not a defense to a cause of action for violation of the safe-place statute; (2) the court should have submitted a question inquiring whether defendant was negligent with respect to maintenance of adequate lighting; (3) the court erred in submitting a question inquiring whether Mr. Meyer was negligent with respect to management of the toboggan on the last run.

1. *Did Mrs. Meyer's conduct constitute no more than assumption of risk?*  The jury found that Mrs. Meyer was

negligent in continuing to use the toboggan run after its dangers became apparent to her. She contends that her conduct constituted assumption of risk, not contributory negligence. Counsel cites a number of decisions, several of them dating from the period when contributory negligence was a complete defense. In *Puza v. C. Hennecke Co.*[1] this court held:

". . . an intended and continued use of a known defective appliance or a known unsafe place by the employee in substantially the same way as the employer instructed or intended it should be used falls under the definition of assumption of risk as expressed in this statute and is not to be considered contributory negligence."

In that case the court held that the use of an unsafe ladder by the plaintiff employee constituted assumption of risk and not contributory negligence, although there was a jury question whether he was negligent in placing the ladder in a particular spot where the ground was soft.

In *Kelenic v. Berndt*[2] plaintiff was a tenant in a building where the rules of the industrial commission required that stairways be lighted. Plaintiff's use of an unlighted stairway was held to be assumption of risk, not contributory negligence. In *Washburn v. Skogg*[3] this court held that the mandatory requirements of the safe-place statute abrogated any defense of assumption of risk by a frequenter. There the plaintiff was a salesman on the premises of a customer. He was injured on a stairway where defendant failed to provide a handrail as required. The jury had absolved plaintiff from contributory negligence, and the court held that this was properly a jury question. In *Sweitzer v. Fox*[4] the plaintiff was an employee of a customer of

[1] (1914), 158 Wis. 482, 484, 149 N. W. 223.
[2] (1924), 185 Wis. 240, 201 N. W. 250.
[3] (1931), 204 Wis. 29, 40, 233 N. W. 764, 235 N. W. 437.
[4] (1937), 226 Wis. 26, 275 N. W. 546.

defendants, who manufactured ice. He was injured as a result of an accumulation of ice on the floor. The jury found that defendants violated the safe-place statute. Plaintiff's knowledge of the slippery condition of the floor was held to be no defense because assumption of risk was not a defense. The jury absolved plaintiff of contributory negligence, and this court held that this was properly a jury question. In *Mennetti v. West Side Businessmen's Asso.*[5] plaintiff was an acrobat who performed for defendant either as an employee or independent contractor. He was injured when a platform gave way. Plaintiff had found the platform to be weak, and although it was strengthened before he used it, plaintiff testified that it was still not satisfactory. The trial court had ruled that under the evidence, a claim that plaintiff was negligent was no more than a claim of assumption of risk. This court affirmed.

Conduct which may be termed assumption of risk and conduct which constitutes contributory negligence are not mutually exclusive. In *Scory v. LaFave*[6] it was said:

". . . the assuming of such risks as ordinarily careful and prudent men similarly situated usually assume is within the field of assumption of risk whether assumed knowingly or ignorantly. But the assuming of such risks as are more hazardous than those which ordinarily careful and prudent men similarly situated usually assume constitutes contributory negligence."

It has been suggested that in host-guest automobile accident cases, at least, conduct which has heretofore been denominated assumption of risk is but a phase of contributory negligence.[7]

---

[5] (1945), 246 Wis. 586, 18 N. W. (2d) 487.
[6] (1934), 215 Wis. 21, 28, 254 N. W. 643.
[7] *Baird v. Cornelius* (1961), 12 Wis. (2d) 284, 297, 107 N. W. (2d) 278 (concurring opinion).

Conduct constitutes negligence if the risk of harm involved is of such magnitude as to outweigh what the law regards as the utility of the act or the manner in which it is done.[8] The *Puza, Sweitzer, Washburn,* and *Mennetti Cases, supra,* all involved plaintiffs who were injured in the course of performing the duties of their employment or business. This fact may bear upon the reasonableness of their exposing themselves to a particular risk. In the *Kelenic Case, supra,* the plaintiff was a tenant in an apartment building and was injured while getting about the premises in the ordinary manner provided. Out of these cases, it was only in *Puza, Mennetti,* and *Kelenic* that the court decided as a matter of law that plaintiff's use of an unsafe place did not constitute contributory negligence. In substance this amounted to holding that under the particular circumstances it could not be said that the risk of harm outweighed the utility of the act.

In cases more recent than those cited by plaintiffs, and heretofore referred to, this court has held that a plaintiff's use of an unsafe place of employment when he knew or ought to have known of the danger may constitute contributory negligence.[9]

Plaintiffs also cite the discussion of assumption of risk in *Haile v. Ellis.*[10] There the plaintiff was a farm employee. He was negligent as a matter of law in exposing himself to danger. Under the law applicable to that situation, recovery was barred if he *was also guilty of assumption of risk.* If his conduct constituted both contributory

---

[8] Restatement, 2 Torts, p. 785, sec. 291.

[9] See *Paluch v. Baldwin Plywood & Veneer Co.* (1957), 1 Wis. (2d) 427, 85 N. W. (2d) 373; *Gupton v. Wauwatosa* (1960), 9 Wis. (2d) 217, 101 N. W. (2d) 104, 102 N. W. (2d) 401; and *Burmek v. Miller Brewing Co.* (1961), 12 Wis. (2d) 405, 107 N. W. (2d) 583.

[10] (1958), 5 Wis. (2d) 221, 92 N. W. (2d) 863, 93 N. W. (2d) 857.

negligence and assumption of risk he could not recover even though his negligence was less than that of defendant. In the case before us, if Mrs. Meyer was guilty of both, her assumption of risk does not bar recovery, but her contributory negligence bars recovery if it was equal to or greater than the negligence of defendant. If Haile assumed the risk, it would be immaterial under the theory of that decision whether his assuming the risk was reasonable or unreasonable. In the case before us, assumption of risk if reasonable was no defense; if unreasonable, Mrs. Meyer was negligent.

Mrs. Meyer continued to use the toboggan run after several trips demonstrated that it was too shallow to guide the toboggan in a safe course through the trees. The party was there for amusement, without any compulsion to continue. The evidence would warrant the jury in determining that the known risk far outweighed the utility of another trip and that it was negligent to take the chance. The trial court did not err in submitting the issue.

2. *Defendant's failure to maintain adequate lighting.* There were light fixtures in the toboggan area, but they were not lighted. Failure to light them may well have been a violation of the safe-place statute. Plaintiffs' witnesses testified, however, that they were able to see the runs, the trees, and the forks in the run from the reflected light of the ski jump.

Plaintiffs tried the case upon the theory that they were sliding in one of the troughs constructed by defendant for tobogganing. Upon that theory, and in view of their testimony as to their ability to see, it cannot be said that lack of light was a cause of the upset and Mrs. Meyer's misfortune. Upon that theory it was not error to refuse to inquire as to inadequate lighting.

We have referred to defendant's claim that plaintiffs were not using a constructed run, but were sliding down a service

road. Our perusal of the record causes us to wonder whether that claim may not have been correct, and whether the small percentage of negligence attributed to defendant may not indicate that the jury took the same view. Of course if the plaintiffs and their friends were misled into believing that they were sliding down one of the runs constructed for that purpose when they were really sliding down the packed snow on a road, defendant's failure to provide more light would be material. Under the circumstances, however, plaintiffs are in no position to claim error on that theory.

3. *Mr. Meyer's negligence.* As we see it, if Mrs. Meyer was negligent in taking the last trip, Mr. Meyer was negligent in the same respect and to the same degree. The court asked the jury whether he was negligent with respect to his management of the toboggan on the last trip. Such negligence would be in addition to his negligence in starting out on that trip. It would necessarily consist of some act or omission which was a cause of the toboggan's leaving the run, assuming it was in a run, or of his tipping the toboggan over after it left the run. We find no evidence that he was negligent in either respect. Upon the record made, it would be pure speculation to say that the party would have fared better if he had permitted the toboggan to slide among the trees instead of stopping it by tipping it over. It was error to submit this question.

The rights of plaintiffs have not, however, been prejudiced by the error. The jury attributed one half the causal negligence to Mrs. Meyer. Upon that verdict she cannot recover. There is no reason to suppose that the jury would have attributed less negligence to her if it had not been asked whether Mr. Meyer was negligent with respect to management or if it had not found that he was.

*By the Court.*—Judgment affirmed.